1  Garth N. Ward (SBN 202965)
   Garth.ward@lewsbrisbois.com
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   701 B Street, Suite 1900
3  San Diego, California 92101
   Telephone: 619.233.1006
4  Facsimile: 619.233.8627

5  Kevin J. O'Shea (*pro hac vice* application pending)
   koshea@oshealawllc.com
6  OSHEA LAW LLC
   1744 Ridge Road
7  Jackson, MO  63755
   Telephone:  573.388.2296

8
   Attorneys for Defendant SI03, Inc.
9

10            UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ENVIRONMENTAL RESEARCH          CASE NO.
    CENTER, INC., a non-profit California
14  corporation,                    **NOTICE OF REMOVAL OF**
                                    **LAWSUIT PENDING IN STATE**
15            Plaintiff,           **COURT TO DISTRICT COURT,**
                                    **NORTHERN DISTRICT,**
16        vs.                       **PURSUANT TO 28 U.S.C. §§**
                                    **1332(a), 1441(b) & 1446**
17  SI03, INC., individually and doing
    business as SYNTRAX, a Delaware
18  corporation; and DOES 1 through 25,

19            Defendants.

20

21        TO THE CLERK AND THE COURT:

22        PLEASE TAKE NOTICE that Defendant SI03, Inc. ("SI03") hereby removes

23  this civil action, captioned as *Environmental Research Center, Inc. v. SI03, Inc. and*

24  *Does 1 through 25*, Case No. RG19001031 ("the Action"), from the Superior Court

25  of the State of California in and for the County of Alameda to the United States

26  District Court for the Northern District of California.  This removal is based on 28

27  U.S.C. §§ 1332(a), 1441(b) and 1446, as well as the following grounds:

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-4217-1015.1                    1
NOTICE OF REMOVAL TO U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## 1.   PLEADINGS, PROCESS, AND ORDERS

1.      The Action was commenced on January 2, 2019 by Plaintiff Environmental Research Center, Inc. ("ERC") in the Superior Court of the State of California in and for the County of Alameda.  A copy of the Complaint, assigned Alameda County Superior Court Case No. RG19001031, with exhibits thereto ("the Complaint"), is attached hereto as **Exhibit 1.**  The allegations of the Complaint are incorporated herein by reference.

2.      SI03 received a copy of the Complaint was on January 7, 2019, when counsel for ERC sent to counsel for SI03, via email, an informal copy of the Complaint and related initiating documents.  Thereafter, ERC formally served the Complaint on SI03's Registered Agent, CT Corporation, on January 9, 2018.  A copy of the Summons is attached hereto as **Exhibit 2** and a copy of the Proof of Service of Summons is attached hereto as **Exhibit 3**.

3.      ERC also served upon SI03 a Civil Case Cover Sheet, attached hereto as **Exhibit 4**; and a Notice of Hearing issued by the state court, attached hereto as **Exhibit 5**.

4.      SI03 timely filed its Answer to the Complaint in state court on February 4, 2019 and served its Answer on ERC that same day.  A copy of the file-stamped Answer is attached hereto as **Exhibit 6**.

5.      Together, Exhibits 1 through 6 constitute all process, pleadings, and orders served upon SI03 in the Action, as required by 28 U.S.C. § 1446(a).

## II.   TIMELINESS OF REMOVAL

6.      SI03 received a copy of the Complaint less than 30 days prior to the filing of this Notice of Removal; therefore, this Notice of Removal is filed within the time limit provided in 28 U.S.C. § 1446(b)(1).

## III.   JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.      SI03 is the only non-fictitious defendant named in the Action. Accordingly, this Notice of Removal complies with the requirement in 28 U.S.C. §

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-4217-1015.1

2

NOTICE OF REMOVAL TO U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1  1446(b)(2) that all defendants who have been properly joined and served must join
2  in or consent to the removal of the Action.

3      8.    The Action is a civil action over which this Court has original
4  jurisdiction under 28 U.S.C. § 1332.  Further, this Action is one which may be
5  removed to this Court by SI03 pursuant to the provisions of 28 U.S.C. § 1441(b)
6  insofar as it is a civil action between citizens of different states and the matter in
7  controversy exceeds the sum of $75,000, exclusive of interest and costs.

8      9.    Complete diversity of citizenship exists insofar as:  (i) ERC is a
9  corporation incorporated under the laws of the State of California with its principal
10  place of business in the State of California (Exh. A, Complaint, at ¶ 5); and (ii) SI03
11  is a corporation organized under the laws of the State of Delaware with its principal
12  place of business in the State of Missouri (Exh. A, Complaint, at ¶ 7).  The
13  citizenship of the unnamed ("Doe") defendants is disregarded for purposes of
14  determining diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1).

15      10.    The amount in controversy exceeds $75,000, exclusive of interest and
16  costs.  SI03 disputes ERC's allegations in the Complaint on legal and factual
17  grounds.  Nevertheless, taking the Complaint at face value, ERC alleges that SIO3 is
18  "liable … for a civil penalty of up to $2,500 per day per violation … in an amount in
19  excess of $1 million."  (Exh. A, Complaint, at ¶ 33.)  ERC alleges that 25 separate
20  products sold by SI03 have been in violation of California law since "at least August
21  31, 2015" and, on that basis, ERC demands a "civil penalty of up to $2,500 per day
22  per violation…."  (*Id.* at ¶¶ 1 & 33.)  Thus, ERC's demand through the filing date of
23  this Notice of Removal exceeds $3 million dollars.  Accordingly, while the
24  Complaint specifically alleges an amount in controversy well in excess of the
25  jurisdictional minimum, at the very least it is "more likely than not" that the amount
26  in controversy exceeds $75,000, exclusive of interest and costs.  *See Sanchez v.*
27  *Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (recognizing that if
28  it is unclear from the complaint whether the plaintiff is seeking more than $75,000,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," and that this burden is met by showing that it is "more likely than not" that the amount in controversy exceeds $75,000).

## IV.   VENUE

11.    ERC originally filed this Action in the Superior Court for the State of California, County of Alameda.  Venue thus lies in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, and 1446.

## V.   NOTICE TO PLAINTIFF

12.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, SI03 will give written notice of such filing to all adverse parties, *i.e.*, ERC's counsel of record – Anthony M. Barnes and Matthew C. MacLear of Aqua Terra Aeris Law Grouup, 490 43rd Street, Suite 108, Oakland, CA  94609 – and will file a copy of the Notice of Removal with the Clerk of the Court for the Superior Court of the County of Alameda, California, pursuant to 28 U.S.C. § 1446(d).

Because this Court has original jurisdiction over this Action insofar as complete diversity of citizenship exists and the amount in controversy exceeds $75,000, Defendant SI03, Inc. hereby removes this Action to this Court.

DATED:  February 6, 2019          LEWIS BRISBOIS BISGAARD & SMITH  LLP


By:  /s/ *Garth N. Ward*
              Garth N. Ward
       Attorneys for Defendant SI03, Inc.

/ / /
/ / /
/ / /
/ / /
/ / /

# EXHIBIT 1

FILED BY FAX
ALAMEDA COUNTY

January 02, 2019

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:
**RG19001031**

1  ANTHONY M. BARNES (SBN 199048)
   MATTHEW C. MACLEAR (SBN 209228)
2  AQUA TERRA AERIS LAW GROUP
   490 43rd Street, Suite 108
3  Oakland, CA 94609
4  Telephone: (415) 326-3173
   Email: amb@atalawgroup.com
5
   Attorneys for Plaintiff
6  ENVIRONMENTAL RESEARCH CENTER, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10
   ENVIRONMENTAL RESEARCH CENTER,        ) Case No.
11 INC., a non-profit California corporation,  )
                                          )
                                          ) **COMPLAINT FOR PERMANENT**
12        Plaintiff,                       ) **INJUNCTION, CIVIL PENALTIES AND**
13 vs.                                     ) **OTHER RELIEF**
                                          )
14 SI03, INC., individually and doing business as  ) Health & Safety Code §25249.5, *et seq.*
   SYNTRAX, a Delaware corporation; and DOES  )
15 1-25,                                   )
                                          )
16        Defendants.                      )
                                          )
17                                         )
                                          )
18

19        Plaintiff Environmental Research Center, Inc. ("PLAINTIFF" or "ERC") brings this

20 action in the interests of the general public and, on information and belief, hereby alleges:

21                              **INTRODUCTION**

22        1.   This action seeks to remedy the continuing failure of Defendants SI03, INC.,

23 individually and doing business as SYNTRAX ("SYNTRAX") and DOES 1-25 (hereinafter

24 individually referred to as "DEFENDANT" or collectively as "DEFENDANTS") to warn

25 consumers in California that they are being exposed to lead and/or cadmium, chemicals known

26 to the State of California to cause cancer, birth defects, and other reproductive harm. According

27 to the Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code ("H&S

28 Code") section 25249.5 (also known as and referred to hereinafter as "Proposition 65"),

1   businesses must provide persons with a "clear and reasonable warning" before exposing
2   individuals to a chemical known to the state to cause cancer or reproductive harm.
3   DEFENDANTS manufacture, package, distribute, market, and/or sell in California certain
4   consumer products, as defined in Cal. Code Regs., tit. 27, § 25600.1, subd. (d) and (e), containing
5   lead and/or cadmium (the "SUBJECT PRODUCTS"): (1) Syntrax Trophix 5.0 Ultra Sustained-
6   Release Protein Chocolate Supreme (lead), (2) Syntrax Goliath Protein Gainer Strawberry (lead,
7   cadmium), (3) Syntrax Goliath Protein Gainer Vanilla (lead, cadmium), (4) Syntrax Whey Shake
8   Chocolate Shake (lead), (5) Syntrax Goliath Protein Gainer Chocolate (lead, cadmium), (6)
9   Syntrax Nectar Whey Protein Isolate Lemon Tea (lead), (7) Syntrax Nectar Whey Protein Isolate
10  Roadside Lemonade (lead), (8) Syntrax Nectar Sweets Whey Protein Isolate Vanilla Bean Torte
11  (lead), (9) Syntrax Nectar Sweets Whey Protein Isolate Chocolate Truffle (lead), (10) Syntrax
12  Trophix 5.0 Ultra Sustained-Release Protein Creamy Vanilla (lead), (11) Syntrax Trophix 5.0
13  Ultra Sustained-Release Protein Strawberry Smoothie (lead), (12) Syntrax Micellar Crème
14  Vanilla Milkshake (lead), (13) Syntrax Micellar Crème Chocolate Milkshake (lead), (14) Syntrax
15  Micellar Crème Strawberry Milkshake (lead), (15) Syntrax Matrix 2.0 Sustained-Release Protein
16  Blend Orange Cream (lead), (16) Syntrax Matrix 2.0 Sustained-Release Protein Blend Simply
17  Vanilla (lead), (17) Syntrax Matrix 2.0 Sustained-Release Protein Blend Perfect Chocolate
18  (lead), (18) Syntrax Matrix 2.0 Sustained-Release Protein Blend Mint Cookie (lead, cadmium),
19  (19) Syntrax Non-Stimulant Guggul Bolic Metabolic Regulator (lead), (20) Syntrax Macro Pro
20  Real Food For Real Champions Milk Chocolate (lead), (21) Syntrax Macro Pro Real Food For
21  Real Champions Strawberry (lead), (22) Syntrax Macro Pro Real Food For Real Champions
22  Vanilla Bean (lead), (23) Syntrax Matrix 2.0 Sustained-Release Protein Blend Cookies & Cream
23  (lead, cadmium), (24) Syntrax Nectar Naturals Whey Protein Isolate Natural Orange (lead), and
24  (25) Syntrax Matrix 2.0 Sustained-Release Protein Blend Milk Chocolate (lead, cadmium).

25      2.  Lead and/or cadmium (hereinafter, the "LISTED CHEMICALS") are chemicals
26  known to the State of California to cause cancer, birth defects, and other reproductive harm.

27      3.  Consumption of the SUBJECT PRODUCTS causes exposures to the LISTED
28  CHEMICALS at levels requiring a "clear and reasonable warning" under Proposition 65.

1  DEFENDANTS exposed consumers to the LISTED CHEMICALS and have failed to provide
2  the health hazard warnings required by Proposition 65.

3      4.  DEFENDANTS' continued manufacturing, packaging, distributing, marketing
4  and/or sales of the SUBJECT PRODUCTS without the required health hazard warnings, causes,
5  or threatens to cause, individuals to be involuntarily, unknowingly and unwittingly exposed to
6  levels of the LISTED CHEMICALS that violate Proposition 65.

7                                    **PARTIES**

8      5.  PLAINTIFF is a non-profit corporation organized under California law.  ERC is
9  dedicated to, among other causes, reducing the use and misuse of hazardous and toxic substances,
10  consumer protection, worker safety, and corporate responsibility.

11     6.  ERC is a person within the meaning of H&S Code §25249.11 and brings this
12  enforcement action in the public interest pursuant to H&S Code §25249.7(d).  H&S Code §
13  25249.7(d) specifies that actions to enforce Proposition 65 may be brought by a person in the
14  public interest, provided certain notice requirements are met and no other public prosecutor is
15  diligently prosecuting an action for the same violation(s).

16     7.  SI03, INC., individually and doing business as SYNTRAX, is now, and was at all
17  times relevant herein, a corporation organized under the laws of Delaware and is a person in the
18  course of doing business within the meaning of H&S Code §25249.11.

19     8.  DEFENDANTS own, administer, direct, control and/or operate facilities and/or
20  agents, distributors, sellers, marketers or other retail operations who place their SUBJECT
21  PRODUCTS into the stream of commerce in California (including but not limited to Alameda
22  County) under the brand name SYNTRAX and other brand names, which contain the LISTED
23  CHEMICALS without first giving clear and reasonable warnings.

24     9.  DEFENDANTS, separately and each of them, are or were, at all times relevant to the
25  claims in this Complaint and continuing through the present, legally responsible for compliance
26  with the provisions of Proposition 65. Whenever an allegation regarding any act or omission of a
27  DEFENDANT is made herein, such allegation shall be deemed to mean that DEFENDANT, or
28  its agent, officer, director, manager, supervisor, or employee did, or so authorized, or failed to do,

1 such acts while engaged in the affairs of DEFENDANT's business operations and/or while acting
2 within the course and scope of their employment or while conducting business for
3 DEFENDANT(S) for a commercial purpose.

4     10. In this Complaint, when reference is made to any act or omission of a DEFENDANT,
5 such allegation shall mean that the owners, officers, directors, agents, employees, contractors, or
6 representatives of DEFENDANT acted or authorized such actions, and/or negligently failed and
7 omitted to act or adequately and properly supervise, control or direct its employees and agents
8 while engaged in the management, direction, operation or control of the affairs of the business
9 organization. Whenever reference is made to any act or omission of any DEFENDANT, such
10 allegation shall be deemed to mean the act or omission of each DEFENDANT acting
11 individually, jointly, and severally as defined by Civil Code Section 1430 *et seq.*

12     11. PLAINTIFF does not know the true names, capacities and liabilities of
13 DEFENDANTS DOES Nos. 1-25, inclusive, and therefore sues them under fictitious names.
14 PLAINTIFF will amend this Complaint to allege the true name and capacities of the DOE
15 Defendants upon being ascertained. Each of these Defendants was in some way legally
16 responsible for the acts, omissions, and/or violations alleged herein.

17                   **JURISDICTION AND VENUE**

18     12. This Court has jurisdiction over this action pursuant to California Constitution Article
19 VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those
20 given by statute to other trial courts." The statute under which this action is brought does not
21 specify any other court with jurisdiction.

22     13. This Court has jurisdiction over DEFENDANTS because they are business entities
23 that do sufficient business, have sufficient minimum contacts in California or otherwise
24 intentionally avail themselves of the California market, through the sale, marketing and use of
25 their SUBJECT PRODUCTS in California, to render the exercise of jurisdiction over them by
26 the California courts consistent with traditional notions of fair play and substantial justice.

27     14. Venue in this action is proper in the Alameda County Superior Court because the
28 cause, or part thereof, arises in the County of Alameda since DEFENDANTS' products are

1   marketed, offered for sale, sold, used, and/or consumed in this county.

· 2                              **STATUTORY BACKGROUND**

3       15. The People of the State of California declared in Proposition 65 their right "[t]o be

4   informed about exposures to chemicals that cause cancer, birth defects, or other reproductive

5   harm." (Section 1(b) of Initiative Measure, Proposition 65).

6       16. To effectuate this goal, Proposition 65 requires that individuals be provided with a

7   "clear and reasonable warning" before being exposed to chemicals listed by the State of

8   California as causing cancer or reproductive toxicity. H&S Code §25249.6 states, in pertinent

9   part:

10              No person in the course of doing business shall knowingly and intentionally
                expose any individual to a chemical known to the state to cause cancer or
11              reproductive toxicity without first giving clear and reasonable warning to such
12              individual....

13

14      17. An exposure to a chemical in a consumer product is one "that results from a person's

15  acquisition, purchase, storage, consumption, or any reasonably foreseeable use of a consumer

16  product, including consumption of food." (Cal. Code Regs., tit. 27, § 25600.1, subd. (e).)   A

17  "consumer product" includes "any article, or component part thereof, including food, that is

18  produced, distributed, or sold for the personal use, consumption or enjoyment of a consumer,"

19  and the term "food" is further defined to include dietary supplements. (Cal. Code Regs., tit. 27, §

20  25600.1, subd. (d) and (g).)

21      18. Proposition 65 provides that any "person who violates or threatens to violate" the

22  statute may be enjoined in a court of competent jurisdiction. (H&S Code §25249.7). The phrase

23  "threaten to violate" is defined to mean creating "a condition in which there is a substantial

24  probability that a violation will occur" (H&S Code §25249.11(e)). Violators are liable for civil

25  penalties of up to $2,500 per day for each violation of the Act. (H&S Code §25249.7.)

26                              **FACTUAL BACKGROUND**

27      19. On February 27, 1987, the State of California officially listed lead as a chemical

28  known to cause reproductive toxicity. Lead became subject to the warning requirement one year

1  later and was therefore subject to the "clear and reasonable" warning requirements of Proposition

2  65 beginning on February 27, 1988. (27 California Code of Regulations ("CCR") §25600, *et*

3  *seq.;* H&S Code §25249.5, *et seq.*).

4      20. On October 1, 1992, the State of California officially listed lead and lead compounds

5  as chemicals known to cause cancer. Lead and lead compounds became subject to the warning

6  requirement one year later and were therefore subject to the "clear and reasonable" warning

7  requirements of Proposition 65 beginning on October 1, 1993. (27 CCR § 25600, *et seq.;* H&S

8  Code §25249.6, *et seq.*). Due to the high toxicity of lead, the maximum allowable dose level for

9  lead is 0.5 µg/day (micrograms a day) for reproductive toxicity and the no significant risk level

10  for carcinogens is 15µg/day (oral).

11      21. Cadmium was officially listed as a chemical known to cause developmental toxicity

12  and male reproductive toxicity on May 1, 1997, while cadmium and cadmium compounds were

13  listed as chemicals known to the State of California to cause cancer on October 1, 1987. (State

14  of California EPA OEHHA Safe Drinking Water and Toxic Enforcement Act of 1986 Chemicals

15  Known to the State to Cause Cancer and Reproductive Toxicity.) The MADL for cadmium as a

16  chemical known to cause reproductive toxicity is 4.1 micrograms per day. (Cal. Code Regs., tit.

17  27, §25805, subd. (b).)

18      22. To test DEFENDANTS' SUBJECT PRODUCTS for lead and cadmium, PLAINTIFF

19  hired a well-respected and accredited testing laboratory. The results of testing undertaken by

20  PLAINTIFF of DEFENDANTS' SUBJECT PRODUCTS show that the SUBJECT PRODUCTS

21  tested were in violation of the 0.5 µg/day "safe harbor" daily dose limits set forth for lead and/or

22  4.1 µg/day "safe harbor" daily dose limits for cadmium in Proposition 65's regulations. Very

23  significant is the fact that people are being exposed to lead and/or cadmium through ingestion as

24  opposed to other not as harmful methods of exposure.

25      23. At all times relevant to this action, DEFENDANTS, therefore, have knowingly and

26  intentionally exposed the consumers of the SUBJECT PRODUCTS to the LISTED

27  CHEMICALS without first giving a clear and reasonable warning to such individuals.

28      24. The SUBJECT PRODUCTS have allegedly been sold by DEFENDANTS for use

1   in California since at least August 31, 2015. The SUBJECT PRODUCTS continue to be

2   distributed and sold in California without the requisite warning information.

3       25. As a proximate result of acts by DEFENDANTS, as persons in the course of doing

4   business within the meaning of Health & Safety Code §25249.11, individuals throughout the

5   State of California, including in the County of Alameda have been exposed to the LISTED

6   CHEMICALS without a clear and reasonable warning on the SUBJECT PRODUCTS. The

7   individuals subject to the violative exposures include normal and foreseeable users of the

8   SUBJECT PRODUCTS, as well as all other persons exposed to the SUBJECT PRODUCTS.

9       26. On August 31, 2018, October 3, 2018 and October 19, 2018, ERC served SYNTRAX

10   and each of the appropriate public enforcement agencies with a document entitled "Notice of

11   Violations of California Health & Safety Code Section 25249.5" that provided SYNTRAX and

12   the public enforcement agencies with notice that SYNTRAX was in violation of Proposition 65

13   for failing to warn purchasers and individuals using the SUBJECT PRODUCTS that the

14   consumption of the SUBJECT PRODUCTS exposes them to lead and/or cadmium, chemicals

15   known to the State of California to cause cancer and/or reproductive toxicity ("NOTICES").

16   True and correct copies of the 60-Day NOTICES are attached hereto as **Exhibits A, B, and C**

17   respectively and each is hereby incorporated by reference, and is available on the Attorney

18   General's website located at http://oag.ca.gov/prop65.

19       27. The NOTICES were issued pursuant to, and in compliance with, the requirements of

20   H&S Code §25249.7(d) and the statute's implementing regulations regarding the notice of the

21   violations to be given to certain public enforcement agencies and to the violator. The NOTICES

22   included, *inter alia,* the following information: the name, address, and telephone number of the

23   noticing individual; the name of the alleged violator; the statute violated; the approximate time

24   period during which violations occurred; and descriptions of the violations including the

25   chemicals involved, the route of toxic exposure, and the specific products or type of products

26   causing the violations.

27       28. SYNTRAX was also provided copies with the NOTICES of the document entitled

28   "The Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65): A Summary,"

1 │ which is also known as Appendix A to Title 27 of CCR §25903, via Certified Mail.

2 │ 29. The California Attorney General was provided copies of the NOTICES and a

3 │ Certificate of Merit for each Notice by the attorney for the noticing party, stating that there is a

4 │ reasonable and meritorious case for this action, and attaching factual information sufficient to

5 │ establish a basis for the certificate, including the identity of the persons consulted with and relied

6 │ on by the certifier, and the facts, studies, or other data reviewed by those persons, pursuant to

7 │ H&S Code §25249.7(h) (2) via online submission.

8 │ 30. After expiration of the sixty (60) day notice period, the appropriate public enforcement

9 │ agencies failed to commence and diligently prosecute a cause of action under H&S Code

10 │ §25249.5, *et seq.* against DEFENDANTS based on the allegations herein.

11 │
### FIRST CAUSE OF ACTION

12 │ **(Civil Penalties for Violations of Health and Safety Code § 25249.5, *et seq.* concerning the SUBJECT PRODUCTS described in the August 31, 2018, October 3, 2018 and October

13 │ 19, 2018, Proposition 65 Notices of Violation) Against DEFENDANTS**

14 │ 31. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 30,

15 │ inclusive, as if specifically set forth herein.

16 │ 32. By committing the acts alleged in this Complaint, DEFENDANTS at all times relevant

17 │ to this action, and continuing through the present, have violated H&S Code §25249.6 by, in the

18 │ course of doing business, knowingly and intentionally exposing individuals in California to

19 │ chemicals known to the State of California to cause cancer or reproductive toxicity without first

20 │ giving clear and reasonable warnings to such persons who consume the SUBJECT PRODUCTS

21 │ containing the LISTED CHEMICALS, pursuant to H&S Code §§ 25249.6 and 25249.11(f).

22 │ 33. By the above-described acts, DEFENDANTS are liable, pursuant to H&S Code

23 │ §25249.7(b), for a civil penalty of up to $2,500 per day per violation for each unlawful exposure

24 │ to the LISTED CHEMICALS from the SUBJECT PRODUCTS, in an amount in excess of $1

25 │ million.

26 │ ///

27 │ ///

28 │ ///

1

## THE NEED FOR INJUNCTIVE RELIEF

2

**(Injunctive Relief for Violations of Health and Safety Code § 25249.5, *et seq.* concerning the SUBJECT PRODUCTS described in the August 31, 2018, October 3, 2018 and October 19, 2018 Proposition 65 Notices of Violation) Against DEFENDANTS**

3

4     34. PLAINTIFF re-alleges and incorporates by this reference Paragraphs 1 through 33,

5     as if set forth below.

6     35. By committing the acts alleged in this Complaint, DEFENDANTS at all times relevant

7     to this action, and continuing through the present, have violated, or threaten to violate, H&S Code

8     §25249.6 by, in the course of doing business, knowingly and intentionally exposing individuals

9     in California to chemicals known to the State of California to cause cancer or reproductive toxicity

10    without first giving clear and reasonable warnings to such persons who consume the SUBJECT

11    PRODUCTS containing the LISTED CHEMICALS, pursuant to H&S Code §§ 25249.6 and

12    25249.11(f).

13    36. By the above-described acts, DEFENDANTS have violated, or threaten to violate,

14    H&S Code § 25249.6 and are therefore subject to preliminary and permanent injunctions ordering

15    DEFENDANTS to stop violating Proposition 65, to provide warnings to all present and future

16    customers, and to provide warnings to DEFENDANTS' past customers who purchased or used

17    the SUBJECT PRODUCTS without receiving a clear and reasonable warning.

18    37. A remedy of injunctive relief under Proposition 65 is specifically authorized by H&S

19    Code §25249.7(a).

20    38. Continuing commission by DEFENDANTS of the acts alleged above will irreparably

21    harm the citizens of the State of California, for which harm they have no plain, speedy, or

22    adequate remedy at law.

23    39. In the absence of preliminary and then permanent injunctive relief, DEFENDANTS

24    will continue to create a substantial risk of irreparable injury by continuing to cause consumers

25    to be involuntarily, unknowingly and unwittingly exposed to the LISTED CHEMICALS through

26    the consumption of the SUBJECT PRODUCTS.

27    ///

28    ///

**PRAYER FOR RELIEF**

Wherefore, PLAINTIFF prays for the following relief:

A.      A preliminary and permanent injunction, pursuant to H&S Code §25249.7(b), enjoining DEFENDANTS, their agents, employees, assigns and all persons acting in concert or participating with DEFENDANTS, from manufacturing, distributing, marketing or selling the SUBJECT PRODUCTS in California without first providing a clear and reasonable warning, within the meaning of Proposition 65, that the consumers of the SUBJECT PRODUCTS are exposed to the LISTED CHEMICALS;

B.      An injunctive order, pursuant to H&S Code §25249.7(b), compelling DEFENDANTS to identify and locate each individual who has purchased the SUBJECT PRODUCTS since August 31, 2015, and to provide a warning to such person that the consumption of the SUBJECT PRODUCTS will expose the consumer to chemicals known to cause cancer, birth defects, and other reproductive harm;

C.      An assessment of civil penalties pursuant to H&S Code §25249.7(b), against DEFENDANTS in the amount of $2,500 per day for each violation of Proposition 65, in an amount in excess of $1 million, according to proof;

D.      An award to PLAINTIFF of its reasonable attorney's fees and costs of suit pursuant to California Code of Civil Procedure §§ 1032 *et. seq* and 1021.5, as PLAINTIFF shall specify in further applications to the Court; and,

E.      Such other and further relief as may be just and proper.

DATED: January 2, 2019                    AQUA TERRA AERIS LAW GROUP

                                          Anthony M. Barnes
                                          Matthew C. Maclear
                                          Attorneys for Plaintiff
                                          Environmental Research Center, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**ATA**
AQUA TERRA AERIS
LAW GROUP

**Matthew Maclear**
mcm@atalawgroup.com
415-568-5200

**Anthony Barnes**
amb@atalawgroup.com
415-326-3173

August 31, 2018

### NOTICE OF VIOLATION OF
### CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
### (PROPOSITION 65)

Dear Alleged Violator and the Appropriate Public Enforcement Agencies:

I represent Environmental Research Center, Inc. ("ERC"), 3111 Camino Del Rio North, Suite 400, San Diego, CA 92108; Tel. (619) 500-3090. ERC's Executive Director is Chris Heptinstall. ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violator identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violator and the appropriate public enforcement agencies. Pursuant to Health and Safety Code Section 25249.7(d), ERC intends to file a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is enclosed with this letter served to the alleged Violator identified below.

**Alleged Violator.** The name of the company covered by this notice that violated Proposition 65 (hereinafter the "Violator") is:

**SI03, Inc., individually and doing business as Syntrax**

**Consumer Products and Listed Chemicals.** The products that are the subject of this notice and the chemicals in those products identified as exceeding allowable levels are:

1

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

*mcm@atalawgroup.com*
*amb@atalawgroup.com*

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq*.
August 31, 2018
Page 2

1. **Syntrax Trophix 5.0 Ultra Sustained-Release Protein Chocolate Supreme - Lead**
2. **Syntrax Goliath Protein Gainer Strawberry – Lead, Cadmium**
3. **Syntrax Goliath Protein Gainer Vanilla – Lead, Cadmium**
4. **Syntrax Whey Shake Chocolate Shake - Lead**
5. **Syntrax Goliath Protein Gainer Chocolate – Lead, Cadmium**
6. **Syntrax Nectar Whey Protein Isolate Lemon Tea - Lead**
7. **Syntrax Nectar Whey Protein Isolate Roadside Lemonade - Lead**
8. **Syntrax Nectar Sweets Whey Protein Isolate Vanilla Bean Torte - Lead**
9. **Syntrax Nectar Sweets Whey Protein Isolate Chocolate Truffle - Lead**
10. **Syntrax Trophix 5.0 Ultra Sustained-Release Protein Creamy Vanilla - Lead**
11. **Syntrax Trophix 5.0 Ultra Sustained-Release Protein Strawberry Smoothie - Lead**
12. **Syntrax Micellar Crème Vanilla Milkshake - Lead**
13. **Syntrax Micellar Crème Chocolate Milkshake - Lead**
14. **Syntrax Micellar Crème Strawberry Milkshake - Lead**
15. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Orange Cream - Lead**
16. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Simply Vanilla - Lead**
17. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Perfect Chocolate - Lead**
18. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Mint Cookie – Lead, Cadmium**
19. **Syntrax Non-Stimulant Guggul Bolic Metabolic Regulator - Lead**

On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

Cadmium was officially listed as a chemical known to cause developmental toxicity and male reproductive toxicity on May 1, 1997, while cadmium and cadmium compounds were listed as chemicals known to the State of California to cause cancer on October 1, 1987.

It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

**Route of Exposure.** The consumer exposures that are the subject of this notice result from the recommended use of these products. Consequently, the route of exposure to these chemicals has been and continues to be through ingestion.

**Approximate Time Period of Violations**. Ongoing violations have occurred every day since at least August 31, 2015, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until these

2

*490 43rd Street*
*Suite 108*                    mcm@atalawgroup.com              *(415) 568-5200*
*Oakland, CA 94609*            amb@atalawgroup.com              *(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 3

known toxic chemicals are either removed from or reduced to allowable levels in the products. Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemicals. The method of warning should be a warning that appears on the product label. The Violator violated Proposition 65 because it failed to provide persons ingesting these products with appropriate warnings that they are being exposed to these chemicals.

Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violator to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemicals, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years. Such a resolution will prevent further unwarned consumer exposures to the identified chemicals, as well as an expensive and time-consuming litigation.

ERC has retained ATA Law Group as legal counsel in connection with this matter. **Please direct all communications regarding this Notice of Violation to my attention, or the attention of ATA partner Anthony Barnes, using the address or contact information indicated on the letterhead.**

Sincerely,

Matthew Maclear
**AQUA TERRA AERIS LAW GROUP**

Attachments

Certificate of Merit
Certificate of Service
OEHHA Summary (to SI03, Inc., individually and doing business as Syntrax, and their Registered Agents for Service of Process only)
Additional Supporting Information for Certificate of Merit (to AG only)

3

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 4

## **CERTIFICATE OF MERIT**

**Re:** **Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by SI03, Inc., individually and doing business as Syntrax**

I, Matthew Maclear, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged that the party identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemicals that are the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violator will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: August 31, 2018

Matthew Maclear

*490 43rd Street*
*Suite 108*                    mcm@atalawgroup.com                    *(415) 568-5200*
*Oakland, CA 94609*         amb@atalawgroup.com                    *(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 5

## **CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903**

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age. My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On August 31, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
4711 Nash Road, Suite A
Scott City, MO 63780

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
PO Box 1715
Cape Girardeau, MO 63702

Kevin J. O'Shea
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
4711 Nash Road, Suite A
Scott City, MO 63780

Agents for Delaware Corporations, Inc.
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
310 Alder Road
PO Box 841
Dover, DE 19903

On August 31, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Oakland, CA 94612-0550

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 6

On August 31, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 ET SEQ.; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Nancy O'Malley, District Attorney
Alameda County
7677 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA 94553
sgrassini@contracostada.org

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA 96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Mark Ankcorn, Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA 94103
gregory.alker@sfgov.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*



Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 7

Yen Dang, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA 93009
daspecialops@ventura.org

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA 95403
jbarnes@sonoma-county.org

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA 95695
cfepd@yolocounty.org

On August 31, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by First Class Mail.

Executed on August 31, 2018, in Fort Oglethorpe, Georgia.

*Phyllis Dunwoody*

Phyllis Dunwoody

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

AQUA TERRA AERIS
LAW GROUP

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
August 31, 2018
Page 8

## Service List

District Attorney, Alpine County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte County
25 County Center Drive, Suite 245
Oroville, CA 95965

District Attorney, Calaveras County
891 Mountain Ranch Road
San Andreas, CA 95249

District Attorney, Colusa County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado County
515 Main Street
Placerville, CA 95667

District Attorney, Fresno County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Inyo County
P.O. Drawer D
Independence, CA 93526

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin County
3501 Civic Center Drive, Room 130
San Rafael, CA 94903

District Attorney, Mariposa County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer County
10810 Justice Center Drive, Ste 240
Roseville, CA 95678

District Attorney, Plumas County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San Bernardino County
303 West Third Street
San Bernadino, CA 92415

District Attorney, San Diego County
330 West Broadway, Suite 1300
San Diego, CA 92101

District Attorney, San Mateo County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta County
1355 West Street
Redding, CA 96001

District Attorney, Sierra County
100 Courthouse Square, 2nd Floor
Downieville, CA 95936

District Attorney, Siskiyou County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Francisco, City Attorney
City Hall, Room 234
1 Dr Carlton B Goodlett PL
San Francisco, CA 94102

San Jose City Attorney's Office
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

APPENDIX A

## OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
## CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

## THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
## (PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

*Exposures that pose no significant risk of cancer.* For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at:
http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

*Exposures that will produce no observable reproductive effect at 1,000 times the level in question.* For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

*Exposures to Naturally Occurring Chemicals in Food.* Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

*Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.* The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11. A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to \$2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

# EXHIBIT B

**Matthew Maclear**
mcm@atalawgroup.com
415-568-5200

**Anthony Barnes**
amb@atalawgroup.com
415-326-3173

October 3, 2018

## NOTICE OF VIOLATION OF
## CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
## (PROPOSITION 65)

Dear Alleged Violator and the Appropriate Public Enforcement Agencies:

I represent Environmental Research Center, Inc. ("ERC"), 3111 Camino Del Rio North, Suite 400, San Diego, CA 92108; Tel. (619) 500-3090. ERC's Executive Director is Chris Heptinstall. ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violator identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violator and the appropriate public enforcement agencies. Pursuant to Health and Safety Code Section 25249.7(d), ERC intends to file a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is enclosed with this letter served to the alleged Violator identified below.

**Alleged Violator.** The name of the company covered by this notice that violated Proposition 65 (hereinafter the "Violator") is:

### SI03, Inc., individually and doing business as Syntrax

1

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

Case 4:19-cv-00640-SBA Document 1 Filed 02/06/19 Page 32 of 91

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 2

**Consumer Products and Listed Chemical.** The products that are the subject of this notice and the chemical in those products identified as exceeding allowable levels are:

1. **Syntrax Macro Pro Real Food For Real Champions Milk Chocolate - Lead**
2. **Syntrax Macro Pro Real Food For Real Champions Strawberry - Lead**
3. **Syntrax Macro Pro Real Food For Real Champions Vanilla Bean - Lead**

On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

**Route of Exposure.** The consumer exposures that are the subject of this notice result from the recommended use of these products. Consequently, the route of exposure to this chemical has been and continues to be through ingestion.

**Approximate Time Period of Violations**. Ongoing violations have occurred every day since at least October 3, 2015, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until this known toxic chemical is either removed from or reduced to allowable levels in the products. Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemical. The method of warning should be a warning that appears on the product label. The Violator violated Proposition 65 because it failed to provide persons ingesting these products with appropriate warnings that they are being exposed to this chemical.

Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violator to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemical, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years. Such a resolution will prevent further unwarned consumer exposures to the identified chemical, as well as an expensive and time-consuming litigation.

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 3

ERC has retained ATA Law Group as legal counsel in connection with this matter. **Please direct all communications regarding this Notice of Violation to my attention, or the attention of ATA partner Anthony Barnes, using the address or contact information indicated on the letterhead.**

Sincerely,

Matthew Maclear
**AQUA TERRA AERIS LAW GROUP**

Attachments

Certificate of Merit
Certificate of Service
OEHHA Summary (to SI03, Inc., individually and doing business as Syntrax, and its Registered Agents for Service of Process only)
Additional Supporting Information for Certificate of Merit (to AG only)

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 4

## CERTIFICATE OF MERIT

**Re: Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by SIO3, Inc., individually and doing business as Syntrax**

I, Matthew Maclear, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged that the party identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violator will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: October 3, 2018

Matthew Maclear

**490 43rd Street**
**Suite 108**
**Oakland, CA 94609**

mcm@atalawgroup.com
amb@atalawgroup.com

**(415) 568-5200**
**(415)-326-3173**

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 5

## CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age. My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On October 3, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
4711 Nash Road, Suite A
Scott City, MO 63780

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
PO Box 1715
Cape Girardeau, MO 63702

Kevin J. O'Shea
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
4711 Nash Road, Suite A
Scott City, MO 63780

Agents for Delaware Corporations, Inc.
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
310 Alder Road
PO Box 841
Dover, DE 19903

On October 3, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Oakland, CA 94612-0550

**490 43rd Street**
**Suite 108**
**Oakland, CA 94609**

mcm@atalawgroup.com
amb@atalawgroup.com

**(415) 568-5200**
**(415)-326-3173**

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 6

On October 3, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 ET SEQ.; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Nancy O'Malley, District Attorney
Alameda County
7677 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA  94553
sgrassini@contracostada.org

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA 96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Mark Ankcorn, Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA  94103
gregory.alker@sfgov.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA  95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173



Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 7

Yen Dang, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA 93009
daspecialops@ventura.org

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA 95403
jbarnes@sonoma-county.org

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA 95695
cfepd@yolocounty.org

On October 3, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by First Class Mail.

Executed on October 3, 2018, in Fort Oglethorpe, Georgia.

_____
Phyllis Dunwoody

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

ATA
AQUA TERRA AERIS
LAW GROUP

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 3, 2018
Page 8

## Service List

District Attorney, Alpine County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte County
25 County Center Drive, Suite
245
Oroville, CA 95965

District Attorney, Calaveras
County
891 Mountain Ranch Road
San Andreas, CA 95249

District Attorney, Colusa County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte
County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado
County
515 Main Street
Placerville, CA 95667

District Attorney, Fresno County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt
County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial
County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Inyo County
P.O. Drawer D
Independence, CA 93526

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles
County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin County
3501 Civic Center Drive, Room
130
San Rafael, CA 94903

District Attorney, Mariposa
County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino
County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer County
10810 Justice Center Drive, Ste
240
Roseville, CA 95678

District Attorney, Plumas County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito
County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San Bernardino
County
303 West Third Street
San Bernadino, CA 92415

District Attorney, San Diego
County
330 West Broadway, Suite 1300
San Diego, CA 92101

District Attorney, San Mateo
County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta County
1355 West Street
Redding, CA 96001

District Attorney, Sierra County
100 Courthouse Square, 2nd Floor
Downieville, CA 95936

District Attorney, Siskiyou
County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus
County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne
County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's
Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Francisco, City Attorney
City Hall, Room 234
1 Dr Carlton B Goodlett PL
San Francisco, CA 94102

San Jose City Attorney's Office
200 East Santa Clara Street,
16th Floor
San Jose, CA 95113

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

## APPENDIX A

## OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
## CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

## THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
## (PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

### WHAT DOES PROPOSITION 65 REQUIRE?

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

*Clear and reasonable warnings.* A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

*Prohibition from discharges into drinking water.* A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

*Grace Period.* Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

*Governmental agencies and public water utilities.* All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

*Businesses with nine or fewer employees.* Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11. A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

# EXHIBIT C

**ATA**
AQUA TERRA AERIS
LAW GROUP

**Matthew Maclear**
mcm@atalawgroup.com
415-568-5200

**Anthony Barnes**
amb@atalawgroup.com
415-326-3173

October 19, 2018

## NOTICE OF VIOLATION OF
## CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
## (PROPOSITION 65)

Dear Alleged Violator and the Appropriate Public Enforcement Agencies:

I represent Environmental Research Center, Inc. ("ERC"), 3111 Camino Del Rio North, Suite 400, San Diego, CA 92108; Tel. (619) 500-3090. ERC's Executive Director is Chris Heptinstall. ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violator identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violator and the appropriate public enforcement agencies. Pursuant to Health and Safety Code Section 25249.7(d), ERC intends to file a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is enclosed with this letter served to the alleged Violator identified below.

**Alleged Violator.** The name of the company covered by this notice that violated Proposition 65 (hereinafter the "Violator") is:

**SI03, Inc., individually and doing business as Syntrax**

1

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

*mcm@atalawgroup.com*
*amb@atalawgroup.com*

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 2

**Consumer Products and Listed Chemicals.** The products that are the subject of this notice and the chemicals in those products identified as exceeding allowable levels are:

1. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Cookies & Cream – Lead, Cadmium**
2. **Syntrax Nectar Naturals Whey Protein Isolate Natural Orange – Lead**
3. **Syntrax Matrix 2.0 Sustained-Release Protein Blend Milk Chocolate – Lead, Cadmium**

On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

Cadmium was officially listed as a chemical known to cause developmental toxicity and male reproductive toxicity on May 1, 1997, while cadmium and cadmium compounds were listed as chemicals known to the State of California to cause cancer on October 1, 1987.

It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

**Route of Exposure.** The consumer exposures that are the subject of this notice result from the recommended use of these products. Consequently, the route of exposure to these chemicals has been and continues to be through ingestion.

**Approximate Time Period of Violations.** Ongoing violations have occurred every day since at least October 19, 2015, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until these known toxic chemicals are either removed from or reduced to allowable levels in the products. Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemicals. The method of warning should be a warning that appears on the product label. The Violator violated Proposition 65 because it failed to provide persons ingesting these products with appropriate warnings that they are being exposed to these chemicals.

Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violator to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemicals, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable

490 43rd Street
Suite 108
Oakland, CA 94609

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 3

warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years. Such a resolution will prevent further unwarned consumer exposures to the identified chemicals, as well as an expensive and time-consuming litigation.

ERC has retained ATA Law Group as legal counsel in connection with this matter. **Please direct all communications regarding this Notice of Violation to my attention, or the attention of ATA partner Anthony Barnes, using the address or contact information indicated on the letterhead.**

Sincerely,

Matthew Maclear
**AQUA TERRA AERIS LAW GROUP**

Attachments

Certificate of Merit
Certificate of Service
OEHHA Summary (to SIO3, Inc., individually and doing business as Syntrax, and its Registered Agents for Service of Process only)
Additional Supporting Information for Certificate of Merit (to AG only)

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

AQUA TERRA AERIS
LAW GROUP

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 4

## CERTIFICATE OF MERIT

**Re:** **Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by SI03, Inc., individually and doing business as Syntrax**

I, Matthew Maclear, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged that the party identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemicals that are the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violator will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: October 19, 2018

Matthew Maclear

490 43rd Street
Suite 108
Oakland, CA 94609

4

mcm@atalawgroup.com
amb@atalawgroup.com

(415) 568-5200
(415)-326-3173

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 5

## CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age. My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On October 19, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
4711 Nash Road, Suite A
Scott City, MO 63780

Current President or CEO
SI03, Inc., individually and doing business as Syntrax
PO Box 1715
Cape Girardeau, MO 63702

Kevin J. O'Shea
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
4711 Nash Road, Suite A
Scott City, MO 63780

Agents for Delaware Corporations, Inc.
(Registered Agent for SI03, Inc., individually and doing business as Syntrax)
310 Alder Road
PO Box 841
Dover, DE 19903

On October 19, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Oakland, CA 94612-0550

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

mcm@atalawgroup.com
amb@atalawgroup.com

*(415) 568-5200*
*(415)-326-3173*

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 6

On October 19, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 ET SEQ.; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Nancy O'Malley, District Attorney
Alameda County
7677 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Barbara Yook, District Attorney
Calaveras County
891 Mountain Ranch Road
San Andreas, CA 95249
Prop65Env@co.calaveras.ca.us

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA 94553
sgrassini@contracostada.org

Thomas L. Hardy, District Attorney
Inyo County
168 North Edwards Street
Independence, CA 93526
inyoda@inyocounty.us

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA 96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Mark Ankcorn, Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA 94103
gregory.alker@sfgov.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

*490 43rd Street*
*Suite 108*
*Oakland, CA 94609*

*mcm@atalawgroup.com*
*amb@atalawgroup.com*

*(415) 568-5200*
*(415)-326-3173*



Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 7

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

Yen Dang, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA 95403
jbarnes@sonoma-county.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA 93009
daspecialops@ventura.org

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA 95695
cfepd@yolocounty.org

On October 19, 2018, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATION, CALIFORNIA HEALTH & SAFETY CODE §25249.5** *ET SEQ.*; **CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it at a U.S. Postal Service Office with the postage fully prepaid for delivery by First Class Mail.

Executed on October 19, 2018, in Fort Oglethorpe, Georgia.

*Phyllis Dunwoody*

Phyllis Dunwoody

**490 43rd Street**
**Suite 108**
**Oakland, CA 94609**

mcm@atalawgroup.com
amb@atalawgroup.com

**(415) 568-5200**
**(415)-326-3173**

Notice of Violation of California Health & Safety Code §25249.5 *et seq.*
October 19, 2018
Page 8

## Service List

District Attorney, Alpine County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte County
25 County Center Drive, Suite 245
Oroville, CA 95965

District Attorney, Colusa County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado County
515 Main Street
Placerville, CA 95667

District Attorney, Fresno County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin County
3501 Civic Center Drive, Room 130
San Rafael, CA 94903

District Attorney, Mariposa County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer County
10810 Justice Center Drive, Ste 240
Roseville, CA 95678

District Attorney, Plumas County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San Bernardino County
303 West Third Street
San Bernardino, CA 92415

District Attorney, San Diego County
330 West Broadway, Suite 1300
San Diego, CA 92101

District Attorney, San Mateo County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta County
1355 West Street
Redding, CA 96001

District Attorney, Sierra County
100 Courthouse Square, 2nd Floor
Downieville, CA 95936

District Attorney, Siskiyou County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Francisco, City Attorney
City Hall, Room 234
1 Dr Carlton B Goodlett PL
San Francisco, CA 94102

San Jose City Attorney's Office
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

**490 43rd Street**
**Suite 108**
**Oakland, CA 94609**

mcm@atalawgroup.com
amb@atalawgroup.com

**(415) 568-5200**
**(415)-326-3173**

## APPENDIX A

## OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
## CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

## THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
## (PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

### WHAT DOES PROPOSITION 65 REQUIRE?

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

## DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

**Exposures that pose no significant risk of cancer.** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at:
http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 et seq. of the regulations for information concerning how these levels are calculated.

**Exposures that will produce no observable reproductive effect at 1,000 times the level in question.** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 et seq. of the regulations for information concerning how these levels are calculated.

**Exposures to Naturally Occurring Chemicals in Food.** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

**Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

## HOW IS PROPOSITION 65 ENFORCED?

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11. A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

# EXHIBIT 2

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SI03, INC., individually and doing business as SYNTRAX, a Delaware corporation; and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENVIRONMENTAL RESEARCH CENTER, INC., a non-profit California corporation,

**FILED BY FAX**
ALAMEDA COUNTY

January 02, 2019

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br><br>1225 Fallon Street<br><br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG19001031** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Anthony M. Barnes, 490 43rd Street, Suite 108, Oakland, CA 94609 (415) 336-3172

DATE: **January 02, 2019**    Clerk, by _Cheryl Clark_ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form P*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use          SUMMONS          Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 3

21104904

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

MATTHEW C. MACLEAR, ESQ.   SBN 209228

AQUA TERRA AERIS LAW GROUP
490 43RD ST. STE. 108
OAKLAND, CA 94609

TELEPHONE NO.: 415-326-3173          FAX NO. (Optional)
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

# FILED
## ALAMEDA COUNTY

### JAN 1 4 2019

CLERK OF THE SUPERIOR COURT
By: _____
                                    Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS:   1225 FALLON ST.
MAILING ADDRESS:   OAKLAND, CA 94612
CITY AND ZIP CODE
BRANCH NAME:

PLAINTIFF/PETITIONER:   ENVIRONMENTAL RESEARCH CENTER, INCC.

DEFENDANT/RESPONDENT:   SI03. INC

CASE NUMBER:

RG19001031

**PROOF OF SERVICE OF SUMMONS**

ref No. or File No.

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒   summons
   b. ☒   complaint
   c. ☐   Alternative Dispute Resolution (ADR)) package
   d. ☒   Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐   cross-complaint
   f. ☒   other *(specify documents):*
              NOTICE OF HEARING

3. a. Party served *(specify name of party as shown on documents served):*

   SI03. INC

   b. ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   KAREN SLOCUMB (authorized person at the registered agent)

4. Address where the party *was* served:
   C/O AGENTS FOR DELAWARE CORPORATIONS, INC 310 ALDER RD. DOVER, DE 19904

5. I served the party (check proper box)
   a. ☒   by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/9/18        (2) at *(time):* 1:30 PM

   b. ☐   by substituted service. On *(date):*          at *(time).-*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served, I informed him or her of the general nature of the papers.

      (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). 1 mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐   I attach a declaration, of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
PCS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF/PETITIONER: | ENVIRONMENTAL RESEARCH CENTER, INCC. | CASE NUMBER |
|---|---|---|
| DEFENDANT/RESPONDENT: | SI03. INC | RG19001031 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                 (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):*   SI03. INC
    under the following Code of Civil Procedure section:

    ☒ 416. 1 0 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 Joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                          ☒ other: _____

7. Person who served papers
  a. Name:   KEVIN S. DUNN
  b. Address:  PO BOX 1360 WILMINGTON, DE 19899
  c. Telephone number:  302-475-2600
  d. The fee for service was: $ 81.00
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (i i) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foreqoinq is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   1/9/19

KEVIN S. DUNN
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                   (SIGNATURE)

PROOF OF SERVICE OF SUMMONS

# EXHIBIT 4

Matthew C. Maclear SBN 209228  Anthony M. Barnes SBN 199048
Aqua Terra Aeris Law Group
490 43rd Street, Suite 108
Oakland, CA 94609
TELEPHONE NO.: 415-326-3173   FAX NO.:
ATTORNEY FOR (Name): Plaintiff Environmental Research Center, Inc. (ERC)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Environmental Research Center, Inc. v. SI03, Inc. et al.

**FILED BY FAX**
ALAMEDA COUNTY

January 02, 2019

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:
**RG19001031**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited ☐ Limited | ☐ Counter  ☐ Joinder | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☒ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence     f. ☒ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary    b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify):  1
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/2/2019
Anthony M. Barnes
(TYPE OR PRINT NAME)                              ▶          [SIGNATURE OF PARTY OR ATTORNEY FOR PARTY]

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                    **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ x ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[   ] Hayward Hall of Justice (447)

[   ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case?  [ ] yes  [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ x ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ x ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# EXHIBIT 5

AQUA TERRA AERIS LAW GROUP
Attn: Barnes, Anthony M
490 43rd St., Ste. 108
Oakland, CA 94609

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Environmental Research Center, Inc. | No. RG19001031 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| S103, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/26/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/26/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  01/02/2019                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By  _____

                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/03/2019.

                                      By  _____

                                                                    Deputy Clerk

# EXHIBIT 6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GARTH N. WARD, SB# 202965
    E-Mail: Garth.Ward@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants SI03, INC., individually and dba SYNTRAX

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 5 2019

SUE PESKO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., a non-profit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SI03, INC., individually and doing business as SYNTRAX, a Delaware corporation; and DOES 1 through 25,<br><br>Defendants. | CASE NO. RG19001031<br><br>**DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Brad Seligman<br>Dept.:  23<br><br>Action Filed:    1/2/2019<br>Trial Date:      None Set<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW defendants, SI03, INC., individually and dba SYNTRAX answers the

Complaint on file herein as follows:

Defendants SI03, INC., individually and dba SYNTRAX, (hereinafter "Answering

Defendant"), answering the unverified Complaint ("Complaint") for Civil Penalties and Injunctive

Relief, herein answers, denies and alleges as follows:

Under the provisions of California Code of Civil Procedure § 431.30, Answering

Defendant denies, generally and specifically, each and every allegation contained in the unverified

Complaint and the whole thereof, and each and every alleged cause of action thereof, and denies

that Plaintiff sustained damages as alleged, or at all, by reason of any act, breach or omission on

the part of Answering Defendant.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

FAXED

1

## RELIEF REQUESTED

2    Answering Defendant denies Plaintiff is entitled to any of the relief requested.

3

## AFFIRMATIVE DEFENSES

4

## FIRST AFFIRMATIVE DEFENSE

5    (Failure to State a Claim)

6    Plaintiff's Complaint fails to state a claim upon which relief can be granted and is barred to

7    the extent it is inconsistent with the standards set forth by the California Supreme Court in

8    *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71.

9

## SECOND AFFIRMATIVE DEFENSE

10    (Failure to State a Claim)

11    Plaintiff fails to state any cause of action against Answering Defendant with reasonable

12    particularity.

13

## THIRD AFFIRMATIVE DEFENSE

14    (Failure to State a Cause of Action)

15    The Complaint and each of its purported causes of action fail to state facts sufficient to

16    constitute a cause of action against Defendant.

17

## FOURTH AFFIRMATIVE DEFENSE

18    (Statute of Limitations)

19    Plaintiff's Complaint is barred by the applicable statute of limitations as set forth in Cal.

20    Code of Civil Procedure §§ 338, 339, 340 and/or 343.

21

## FIFTH AFFIRMATIVE DEFENSE

22    (Res Judicata/Collateral Estoppel)

23    Each and every cause of action set forth in the Complaint is barred by the doctrines of *res*

24    *judicata* and/or collateral estoppel.

25

## SIXTH AFFIRMATIVE DEFENSE

26    (Release of Claims)

27    Each and every cause of action set forth in the Complaint is barred to the extent it is the

28    subject of the release provisions contained in prior settlements.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**SEVENTH AFFIRMATIVE, DEFENSE**

2

(Exemption from Warning Requirement)

3

The exposures alleged in the Complaint, if any indeed occurred, that may be

4

attributable to Defendant, are exempt from the warning requirement under *Health & Safety Code*

5

section 25249.1010(a), (b) and/or (c).

6

**EIGHTH AFFIRMATIVE DEFENSE**

7

(No Intentional Exposure)

8

Without admitting that any of the purported unlawful exposures alleged in the Complaint

9

occurred, Defendant alleges that it has not intentionally exposed any individual to the chemicals at

10

issue in this litigation above regulatory threshold levels.

11

**NINTH AFFIRMATIVE DEFENSE**

12

(No Knowing Exposure)

13

Without admitting that any of the purported unlawful exposures alleged in the Complaint

14

occurred, Defendant alleges that it has not knowingly exposed any individual to the chemicals at

15

issue in this litigation above regulatory threshold levels.

16

**TENTH AFFIRMATIVE DEFENSE**

17

(Failure to Comply with Notice Requirements)

18

Plaintiff has failed to comply with the notice requirements found at California *Health &*

19

*Safety Code* section 25249.7(d) and/or Title 22, California Code of Regulations, section 12903,

20

and thus lacks the legal capacity to prosecute the Complaint.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22

(Unjust Enrichment)

23

Each and every cause of action set forth in the Complaint is barred because Plaintiff would

24

be unjustly enriched if it were to prevail on the Complaint or any of the causes of action set forth

25

therein.

26

/ / /

27

/ / /

28

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1

3

DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

(Standing)

Plaintiff lacks standing to assert the claims against Answering Defendant in the Complaint and therefore, Plaintiff is barred from any recovery herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Duty)

Answering Defendant owed no duty to Plaintiff and, in any event, violated no duty that it may have owed to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Offset)

Any recovery by Plaintiff should be offset and diminished by the value to the general public of the use of the products at issue in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Compliance with Law)

Without admitting that any of the purported exposures alleged in the Complaint occurred, Defendant at all times complied with all statutory and regulatory requirements, acted with due care, and otherwise conducted itself as a "reasonable person" under the circumstances.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Error)

Each and every cause of action set forth in the Complaint is barred because Defendant at all times acted in good faith and had no intention nor knowledge, or any reasonable grounds to know that Defendant allegedly exposed persons in California to significant amounts of the substances at tissue without providing clear and reasonable warnings, if any such unlawful exposures indeed occurred.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Not Proper)

The Complaint fails to state a sufficient basis for injunctive relief, in that there is no threat of immediate or irreparable harm, and/or in that any such injunctive relief would be inconsistent with the requirements of prior judgments and/or prior settlements and/or state federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Relief Not Proper)

The Complaint fails to state a sufficient basis for the Court to grant any equitable relief because an adequate remedy exists at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint and each purported cause of action therein are vague, ambiguous and uncertain.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Privilege and Justification)

Plaintiff's claims are barred in whole or in part because all acts or omissions, if any, by Answering Defendant (or its agents or representatives) were privileged or justified and any claim based thereon is barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

Plaintiff's alleged damages were caused by its failure to exercise ordinary care on its behalf and under the circumstances then existing. Any and all events and happenings in connection with the alleged occurrences, and the resulting injuries or damages, if any, were proximately caused and contributed to by the negligence of Plaintiff. As a result thereof, Plaintiff's right to recover from Answering Defendant should be diminished in an amount established by proof at trial in direct proportion to the failure of Plaintiff to exercise due care.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has unreasonably failed to mitigate any damages which it allegedly suffered as a result of the alleged wrongful conduct on the part of Answering Defendant, the fact of which is expressly denied by Answering Defendant. Accordingly, Plaintiff's claims are barred to the extent that it has failed to mitigate its damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff has failed to join all indispensable parties. Therefore, complete relief cannot be accorded to those already parties to the action and Plaintiff's failure to join all indispensable parties will result in prejudice in any possible future litigation.

## TWENTY-FOURTH FFIRMATIVE DEFENSE

### (Comparative Negligence and Fault of Others)

If Plaintiff sustained the injuries and incurred expenses as alleged, said injuries and expenses are the direct and proximate result of negligence, recklessness or other wrongful conduct on the part of third parties, including, but not limited to, other defendants named within the action, and not, as alleged, a direct and proximate result of wrongful conduct on the part of Answering Defendant, whether as alleged or otherwise, the fact of which is expressly denied. Answering Defendant is therefore entitled to a reduction in any judgment or recovery had against Answering Defendant by the Plaintiff in direct proportion to the percentage of comparative fault attributable to other third parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Superseding/Intervening Legal Cause)

Plaintiff's alleged damages were caused by the actions of one or more persons or entities for whose conduct Answering Defendant is not legally responsible, and the independent knowledge and awareness of the other persons or entities of the risks inherent in the use of the products at issue and other independent causes, such as pre-existing or co-existing medical conditions, constitute an intervening and superseding cause of Plaintiff's alleged damages, if any.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

(Substantial Factor)

3      No act or omission of Answering Defendant was a substantial factor in bringing about the

4  alleged injuries of Plaintiff, nor was any such act or omission a contributing cause thereof, and any

5  alleged acts or omissions of Answering Defendant were superseded by acts of omissions of others,

6  including Plaintiff, which were the independent, intervening, unforeseeable, or superseding and

7  proximate cause of any injury, damage or loss sustained by Plaintiff, if any.

8

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

9

(Causation)

10      If Plaintiff sustained the injuries and incurred expenses as alleged, the fact of which is

11  expressly denied by Answering Defendant, said injuries and expenses were the direct and

12  proximate result of sensitivities, medical conditions, reactions and/or idiosyncrasies peculiar to

13  Plaintiff that were unknown, unknowable or not reasonably foreseeable to Answering Defendant,

14  and not as a direct and proximate result of wrongful conduct on the part of Answering Defendant,

15  the fact of which is expressly denied by Answering Defendant.

16

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17

(Pre-Existing Conditions)

18      Plaintiff's damages, if any, were the result of pre-existing conditions unrelated to any

19  conduct of or product manufactured, distributed or introduced into interstate commerce by

20  Answering Defendant.

21

## TWENTY-NINTH AFFIRMATIVE DEFENSE

22      (Learned Intermediary/Informed Intermediary/Bulk Supplier/Sophisticated User Doctrines)

23      If Answering Defendant provided the products alleged to have been defective as stated in

24  the Complaint, Answering Defendant distributed such products in bulk to the distributors or other

25  intermediaries, and provided adequate warnings regarding the proper use of the products by the

26  ultimate user, such as Plaintiff.  The distributors and other intermediaries packaged, repackaged or

27  labeled and marked the products.  Plaintiff's claims are thereby barred by the learned

28  intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                    7

DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent Answering Defendant did not own or control the property when Plaintiff was purportedly exposed to the alleged substances which it contends caused its injuries.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff, by its own acts or conduct, is estopped from asserting any claims for damages or seeking any other relief against Answering Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Laches)

The Complaint and every purported cause of action asserted therein are barred by the equitable doctrine of laches. Plaintiff unreasonably delayed in bringing this action to the prejudice of the Answering Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Waiver)

The Complaint and every purported cause of action asserted therein are barred by the doctrine of waiver. Plaintiff waived any objection to the alleged acts, omissions, or other conduct, and is therefore barred from any recovery herein.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No Defect)

Plaintiff's claims are barred because the alleged products, if used, were neither defective nor unreasonably safe, and were reasonably fit for their intended use. The warnings and instructions accompanying the products at issue at the time of the occurrence or injuries or exposure alleged by Plaintiff were legally adequate warnings and instructions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(State of the Art)

The design, manufacture, inspection, warning and labeling of Answering Defendant's alleged products were in conformity with the generally recognized state of the art at the time the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    products were designed, manufactured, labeled and packaged. Therefore, any recovery by

2    Plaintiff is barred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(State of the Art)

5    The design characteristics complained of in Plaintiff's Complaint, the alleged defects of

6    the product(s) at issue, and/or any alternative design claimed by Plaintiff were not known and, in

7    light of the existing, reasonably available scientific and technological knowledge, could not have

8    been known. Any such alternative design was not scientifically or technologically feasible, nor

9    was it economically practical.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Fit for Intended Purpose)

12    The products at issue were fit and proper for their intended purpose and the utility of the

13    products at issue outweighs any possible risk inherent in the use of the products.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Used for Its Ordinary Purpose)

16    Plaintiff's claims for breach of implied warranty must fail because the products at issue

17    were not use for their ordinary purpose.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Product Misuse/Alteration)

20    If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly

21    denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling,

22    or other unforeseeable misuse of the products at issue by Plaintiff and others not within Answering

23    Defendant's control, including but not limited to Plaintiff's failure to follow warnings and/or

24    failure to follow instructions, and if the products at issue had not been subjected to use in such an

25    improper and unintended manner, Plaintiff's damages would have been avoided.

26    / / /

27    / / /

28    / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                              9
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FORTIETH AFFIRMATIVE DEFENSE

2

(Product Misuse/Alteration)

3 Any alleged Answering Defendant products were not in the same condition as when they

4 were manufactured, and such change, alteration of modification relieves Answering Defendant of

5 any liability.

6

## FORTY-FIRST AFFIRMATIVE DEFENSE

7

(Assumption of Risk)

8 Plaintiff voluntarily assumed the risks associated with the activities alleged in their

9 Complaint.

10

## FORTY-SECOND AFFIRMATIVE DEFENSE

11

(Assumption of Risk)

12 Answering Defendant denies any defects in its products alleged by Plaintiff.  If the defects

13 existed at all, which Answering Defendant denies, they were patent and the danger of using these

14 products was obvious.

15

## FORTY-THIRD AFFIRMATIVE DEFENSE

16

(Plaintiff is not Entitled to Attorneys' Fees)

17 Plaintiff is barred from any recovery of attorneys' fees because, in bringing this action,

18 Plaintiff has conferred no significant benefit on the general public or a large class of persons.

19

## FORTY-FOURTH AFFIRMATIVE DEFENSE

20

(Denial of Due Process — Prop 65)

21 The listing of the substances identified in the Complaint as carcinogens and reproductive

22 toxicants pursuant to California *Health & Safety Code* section 25249.8 and the adoption of sale

23 harbor levels and acceptable intake levels for certain of these substances pursuant to California

24 *Health & Safety Code* section 25249.10 were not performed pursuant to the California

25 Administrative Procedure Act, Cal. *Gov't Code* section 11370, et seq., and to do not have the force

26 of law.  Therefore, liability cannot be based upon the listing of the substances identified in the

27 Complaint at 22 Cal. *Code of Regulations*, section 12000, et seq., or the existence of a no

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  significant risk level and/or an acceptable intake level in the implementing regulations because it

2  would deny Defendant due process under Article 1, Section 7 of the California Constitution.

3  ### FORTY-FIFTH AFFIRMATIVE DEFENSE

4  (Unreliable Science)

5  The exposure limits and science underlying the warning requirements alleged in the

6  Complaint were and continue to be scientifically untrustworthy and unreliable.

7  ### FORTY-SIXTH AFFIRMATIVE. DEFENSE

8  (Additional Affirmative Defenses)

9  Defendant reserves the right to raise additional affirmative defenses based on additional

10 facts that may be revealed by future investigation and/or discovery; and in additional reserves the

11 right to assert additional affirmative defenses at trial.

12 ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

13 (Failure to Identify a Product with Specificity)

14 Plaintiff's Complaint, and each and every cause of action alleged herein, fails to identify

15 the products, materials or conduct which Plaintiff alleges caused their injuries, the fact of which is

16 expressly denied by Answering Defendant, with any reasonable specificity.

17 ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

18 (Contract-Specification)

19 Any products manufactured or designed by Answering Defendant conformed strictly to the

20 specification of the persons or entities that ordered and specified the products, and Answering

21 Defendant committed no negligent act or omission in supplying the products.

22 ### FORTY-NINTH AFFIRMATIVE DEFENSE

23 (No Proximate Causation)

24 The products which Plaintiff identified in the Complaint as manufactured, produced or

25 distributed by Answering Defendant were not a proximate cause in fact of Plaintiff's injuries or

26 damages. Further, the products identified in Plaintiff's Complaint which Plaintiff attributes to

27 Answering Defendant could not contribute to or aggravate Plaintiff's alleged injuries or damages.

28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1

11

DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FIFTIETH AFFIRMATIVE DEFENSE

2

(Improper Jurisdiction)

3  Plaintiff's Complaint and all causes of action asserted therein are barred because Plaintiff

4  brought this action in an improper venue and/or this Court lacks subject matter jurisdiction.

5

## FIFTY-FIRST AFFIRMATIVE DEFENSE

6

(No Reliance)

7  Plaintiff did not rely on any representations or conduct of Answering Defendant and,

8  therefore, Answering Defendant is not responsible for any damages claimed by Plaintiff.

9

## FIFTY-SECOND AFFIRMATIVE DEFENSE

10

(Lack of Privity)

11  Plaintiff's claims against Answering Defendant are barred by virtue of a lack of privity

12  between Plaintiff and Answering Defendant.

13

## FIFTY-THIRD AFFIRMATIVE DEFENSE

14

(No Notice of Warranty Limitations of Liability)

15  Plaintiff's claims for breach of warranty are limited and barred by the notice of warranty of

16  limitations of liability accompanying the products that Plaintiff attributes to Answering Defendant

17  at the time of sale.

18

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

19

(Notice of Warranty Limitations of Liability)

20  Plaintiff's cause of action for breach of warranty is barred because Answering Defendant

21  received no notice of any alleged breach of warranty, which breach is expressly denied, either

22  timely made or adequate in content, as required by law.

23

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

24

(No Expressed or Implied Warranty)

25  Plaintiff's claims for breach of warranty are barred because any statements allegedly made

26  by Answering Defendant or its agents, which statements are expressly denied, were made only as

27  statements of opinion and not as representations of fact, such that no expressed or implied

28  warranty would derive from such alleged statements.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                    12
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

2

(Adequate Direction or Warnings)

3   Plaintiff's claims are barred in whole or in part because Answering Defendant provided

4   adequate "direction and warnings" as to the use of the subject product at issue within the meaning

5   of Comment (j) to § 402A of the Restatement (Second) of Torts.

6

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

7

(Restatement (Third) of Torts: Products Liability)

8   Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

9   Products Liability.

10

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

11

(Disclaimer)

12   Any warranties made by Answering Defendant to Plaintiff were disclaimed.

13

## FIFTY-NINTH AFFIRMATIVE DEFENSE

14   Plaintiff's claims are barred in whole, or in part, to the extent Answering Defendant was

15   required to comply and did with Proposition 65.

16

## SIXTIETH AFFIRMATIVE DEFENSE

17

(Uniform Commercial Code)

18   Answering Defendant pleads all affirmative defenses under the Uniform Commercial Code

19   including those defenses provided by UCC §§ 2-607 and 2-709.

20

## SIXTY-FIRST AFFIRMATIVE DEFENSE

21

(California Commercial Code)

22   Answering Defendant specifically pleads all defenses under the California Commercial

23   Code now existing or which may arise in the future including, but not limited to, the defense that

24   Plaintiff's claims of breach of warranty, express or implied, are barred by the applicable

25   provisions of the California Commercial Code.

26   ///

27   ///

28   ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                    13
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## SIXTY-SECOND AFFIRMATIVE DEFENSE

2

(Failure to Allege Representation)

3    Any claim for breach of express warranty must fail because Plaintiff failed to allege any

4   representation(s) about the products at issue giving rise to an express warranty.

5

## SIXTY-THIRD AFFIRMATIVE DEFENSE

6    To the extent Plaintiff or anyone acting on its behalf destroyed evidence, lost evidence,

7   allowed evidence to be lost, suppressed evidence or failed to preserve evidence, each Plaintiff's

8   claims against Answering Defendant may be barred in whole, or in part.

9

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

10

(First Amendment)

11    To the extent Plaintiff's claims relate to Answering Defendant's advertising, marketing,

12   public statements, lobbying, or other activities protected by the First Amendment to the United

13   States Constitution and the California Constitution, such claims are barred.

14

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

15

(Supremacy Clause)

16    To the extent that Plaintiff asserts claims based on Answering Defendant's alleged

17   adherence or lack of adherence to and compliance with applicable state laws, regulations and

18   rules, such claims are preempted by federal law under the Supremacy Clause of the United States

19   Constitution.

20

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

21

(Conformity with Applicable Laws)

22    Answering Defendant products were designed and manufactured in accordance with all

23   applicable local and federal laws, codes, rules, regulations, ordinances and statutes, and therefore

24   Answering Defendant is relieved of any liability.

25   / / /

26   / / /

27   / / /

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                      14
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

2

(Preemption)

3      The manufacture, distribution, and sale of the products at issue referred to in the Complaint

4  were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of

5  action are preempted.

6

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

7

(Liability Without Proof of Causation)

8      To the extent that Plaintiff's claims are based on a theory providing for liability without

9  proof of causation, the claims violate Answering Defendant's rights under the United States

10 Constitution.

11

## SIXTY-NINTH AFFIRMATIVE DEFENSE

12

(Damages Legally Remote, Indirect and Speculative)

13     Plaintiff's damages, if any, are not recoverable because they are legally too remote,

14 indirect and speculative.

15

## SEVENTIETH AFFIRMATIVE DEFENSE

16

(Non-Economic General Damages Several Only)

17     The liability of Answering Defendant, if any, for non-economic, general damages is

18 several only and not joint pursuant to Cal. Civil Code § 1431.2.

19

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

20     Plaintiff cannot establish that Answering Defendant knew or reasonably should have

21 known that to the extent the chemicals at issue are dangerous or were likely to be dangerous when

22 the property was used in a reasonably foreseeable manner.

23

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

24     Plaintiff cannot establish that any lack of sufficient warnings was a substantial factor in

25 causing its alleged injuries.

26

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

27     Answering Defendant alleges that the conditions which Plaintiff alleges were dangerous

28 and which Answering Defendant is alleged to have negligently created or maintained, was a minor

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1                                            15
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

1  or trivial condition and did not constitute a dangerous condition to persons using the property with

2  due care, but rather constituted an insignificant risk of injury, if any, to persons using the property

3  with due care.  Therefore, Plaintiff's recovery is barred in its entirety.

### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

5  (Due Process Clause, Equal Protection Clause and Excessive Fines Clause)

6  Plaintiff's claims seeking punitive or exemplary damages violate the substantive and

7  procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the

8  United States Constitution, the Equal Protection Clause, the Excessive Fines Clause, the

9  Commerce Clause and the cognate provisions of the California Constitution.

### SEVENTY-FIFTH AFFIRMATIVE DEFENSE

11  Plaintiff's Complaint was brought without reasonable care and without a good faith belief

12  that there was a justifiable controversy under the facts and the law to warrant the filing of said

13  claims against Answering Defendant.  Plaintiff is, therefore, responsible for all necessary and

14  reasonable defense costs, including attorneys' fees incurred by Answering Defendant, as more

15  particularly set forth in California Code of Civil Procedure § 128.7.

### SEVENTY-SIXTH AFFIRMATIVE DEFENSE

17  (Indemnity)

18  Any verdict or judgment that might be recovered by Plaintiff must be reduced by those

19  amounts that have indemnified, or will in the future, with reasonable certainty, indemnify Plaintiff

20  in whole or in part for any past or future claimed economic loss from any collateral source such as

21  insurance, social security, worker's compensation or employee benefits programs.

### SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

23  (Set-Off)

24  Answering Defendant is entitled to a set-off for all amounts received by Plaintiff from any

25  settling defendant under Cal. Code Civ. Proc. § 877(a).

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1
16
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

(Awards and Recovery)

Plaintiff's claims and recovery are barred, reduced and/or limited pursuant to applicable constitutional, statutory and common law regarding limitations of awards and recovery.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

(Liability for Non-Economic Loss)

Answering Defendant's liability, if any, for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to Plaintiff's total non-economic loss, if and, including those over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## EIGHTIETH AFFIRMATIVE DEFENSE

("Proposition 51")

Plaintiff's non-economic loss must be allocated in accordance with the provision of Cal. Civil Code § 143.1 ("Proposition 51").

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

(Reservation of Right to Rely on Other Affirmative Defenses)

Answering Defendant reserves the right to rely on the affirmative defenses raised by other parties to this litigation.  Answering Defendant intends to rely on other defenses as they become available during discovery in this case and reserves the right to amend its answer to assert any such defense.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred or limited, in whole or in part, to the extent others succeeded to any liabilities alleged to be the obligation of Answering Defendant.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred or limited, in whole or in part, to the extent Plaintiff cannot segregate the purported damages suffered as a consequence of the acts, omissions or liabilities of others.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**EIGHTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Answering Defendant are barred or limited, in whole or in part, to the extent prohibited by any applicable statutory provisions.

**EIGHTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Answering Defendant are barred or limited, in whole or in part, to the extent Plaintiff cannot sustain their burden of proof as to requirements set forth in *Bockrath v. Aldrich Chemical Co.* 21 Cal.4th 71 (1999), *i.e.*: 1) Plaintiff was exposed to each of the toxic materials claimed to have caused a specific illness; 2) the identity of each product (*i.e.* the source) that allegedly caused Plaintiff's injuries; 3) that as a result of the exposure, the toxins entered Plaintiff's bodies; 4) that Plaintiff suffers from a specific illness, and that each toxin that entered its body was a substantial factor in bringing about, prolonging, or aggravating that illness; and 5) that each toxin it absorbed was due to Answering Defendant's actions or inactions.

**JURY DEMAND**

This Answering Defendant hereby demands a jury in this matter.

WHEREFORE, this Answering Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by reason of its Complaint on file herein;

2.      For costs of suit incurred herein;

3.      That Plaintiff's Complaint be dismissed against Answering Defendant;

4.      That a judicial declaration issue to the effect that Answering Defendant has no duty to pay for any damages or other relief requested by Plaintiff, or to contribute to any damages allegedly suffered by Plaintiff or to reimburse any Plaintiff for any expenses incurred in connection with the claims asserted in the Complaint;

5.      That a judicial declaration issue to the effect that Answering Defendant has no duty to pay any of Plaintiff's legal fees, expenses and costs associated with the Complaint; and

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-6614-6438.1
18
DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT

6.   The Answering Defendant be awarded its reasonable attorneys' fees and expenses, costs of suit, and other such further relief as the Court deem just and proper.

DATED: February 4,  2019          LEWIS BRISBOIS BISGAARD & SMITH  LLP


By:_____/s/ Garth Ward_____
        Garth N. Ward
Attorneys for Defendants SI03, INC., individually and dba SYNTRAX

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CALIFORNIA STATE COURT PROOF OF SERVICE

2
*Environmental Research Center, Inc. v. SI03, INC., individually and dba SYNTRAX*
Alameda Superior Court Case No. RG19001031

3

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

4

5
At the time of service, I was over 18 years of age and not a party to the action.  My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

6
On February 4 2019, I served the following document(s):

7
**DEFENDANTS SI03, INC. DBA SYNTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT**

8

9
I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10
Anthony M. Barnes, Esq.
Matthew C. Maclear, Esq.

11
AQUA TERRA AERIS LAW GROUP
490 43rd Street, Ste. 108

12
Oakland, CA 94609
Tel.: (415) 326-3173

13
E-mail: amb@atalawgroup.com
Attorneys for Plaintiff ENVIRONMENTAL RESEARCH CENTER, INC.

14

The documents were served by the following means:

15

16
☒    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

17
☒      Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing

18
correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal

19
Service, in a sealed envelope or package with the postage fully prepaid.

20
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22
Executed on February 4, 2019, at San Diego, California.

23

24
Loreen von Stockhausen

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## **FEDERAL COURT PROOF OF SERVICE**

*Environmental Research Center, Inc. v. SI03, Inc. dba Syntrax*, et al.
District Court Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 6, 2019, I served the following document(s):

1. **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(B) (DIVERSITY);**
2. **CIVIL COVER SHEET**
3. **NOTICE OF APPEARANCE**
4. **NOTICE OF INTERESTED PARTIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Anthony M. Barnes, Esq.
Matthew C. Maclear, Esq.
AQUA TERRA AERIS LAW GROUP
490 43rd Street, Ste. 108
Oakland, CA  94609
Tel.: (415) 326-3173
E-mail: amb@atalawgroup.com
Attorneys for Plaintiff ENVIRONMENTAL RESEARCH CENTER, INC.

The documents were served by the following means:

☒ (BY OVERNIGHT DELIVERY)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 6, 2019, at San Diego, California.

_____
Loreen von Stockhausen

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW