ANTHONY M. BARNES, SBN 199048
JASON R. FLANDERS, SBN 238007
AQUA TERRA AERIS (ATA) LAW GROUP
490 43rd Street, Suite 108
Oakland, CA 94609
Telephone: (916) 202-3018
Email: jrf@atalawgroup.com

**Attorney for Plaintiff**
Environmental Research Center, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., a non-profit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SI03, INC., individually and doing business as SYNTRAX, a Delaware corporation; and DOES 1 through 25,<br><br>Defendant. | Case No. 4:19-cv-00640-SBA<br><br>**NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**Hearing Date: April 10, 2019**<br>**Time: 2:00 PM**<br>**Judge: Hon. Saundra B. Armstrong** |

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ISSUES TO BE DETERMINED ................... 1

II.  FACTS AND PROCEDURAL HISTORY ...................................................................... 2

III. SUMMARY OF LAW ..................................................................................................... 3

   A.  California Proposition 65 ............................................................................................ 3

   B.  Federal Jurisdiction and Removal ............................................................................... 3

IV.  STANDARD OF REVIEW ............................................................................................. 4

V.   ARGUMENT ................................................................................................................... 4

   A.  Defendant Cannot Satisfy Its Burden to Show Plaintiff has Federal Standing ................... 5

      1.  Plaintiff Does Not Allege Article III Injury in Fact ............................................ 6

      2.  Plaintiff's Claims Do Not Satisfy Prudential Standing Requirements. .............. 7

      3.  Because Plaintiff Lacks Standing, This Case Should be Remanded. ................ 9

   B.  Defendant Fails to Demonstrate that the Amount in Controversy Exceeds $75,000 ......... 9

   C.  Plaintiff Should be Reimbursed Its Reasonable Attorneys' Fees and Costs .................... 10

VI.  CONCLUSION .............................................................................................................. 12

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Wright*, 468 U.S. 737 (1984) .................................................................................................. 7

*As You Sow v. The Sherwin-William Company*, No. C93-3577 VRW, 1993 U.S. Dist. LEXIS 18310
  (N.D. Cal. 1993) ........................................................................................................................ 6, 7, 11

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 1992) ....................................................... 11

*Elk Grove Unified School Dist. v. Newdow*, 541 U.S. 1 (2004) ......................................................... 5

*Environmental Research Center v. Heartland Products,* 29 F.Supp.3d 1281 (C.D. Cal 2014) .......... 6

*Environmental Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281 (C.D. Cal. 2014)................ 9

*Environmental World Watch, Inc. v. American Airlines*, No. 05–cv–1799–TEH, 2005 WL 1867728
  (N.D. Cal. 2005) ................................................................................................................................ 6

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000) ................................................................... 12

*Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 US 167 (2000)............. 4, 5

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) ....................................................................... 12

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................................... 4, 9

*Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91 (1979) ........................................................ 5

*Golden Gate Audubon Soc'y, Inc. v. U.S. Army Corps of Eng'rs,* 732 F. Supp. 1014 (N.D. Cal.
  1989) ............................................................................................................................................... 11

*Hajro v. U.S. Citizenship & Immigration Servs.*, 900 F. Supp. 2d 1034 (N.D. Cal. 2012) ............... 12

*Katz v. Pershing,* LLC 672 F.3d 64, 79 (1st Cir. 2012)....................................................................... 7

*Ketchum v. Moses*, 24 Cal.4th 1122 (2001) ...................................................................................... 12

*Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994) .............................................. 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................................... 4, 5

*Luna v. Johnson & Johnson*, 2018 U.S. Dist. LEXIS 144641 (C.D. Cal. 2018) ................................ 8

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)................................................................... 11

*Moor v. Alameda Cty.*, 411 U.S. 693 (1973) ...................................................................................... 9

*Moore v. Permanente Medical Group, Inc.,* 981 F2d 443 (9th Cir. 1992) ....................................... 10

1  *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ....................................................... 12

2  *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995)
3  ............................................................................................................................................................. 4

4  *New Mexico ex rel. Nat'l Educ. Ass'n of New Mexico, Inc. v. Austin Cap. Management Ltd.*, 671 F.
5  Supp. 2d 1248 (D.N.M. 2009) ........................................................................................................ 9

6  *Rosenfeld v. United States,* 859 F.2d 717 (9th Cir. 1989) ................................................................ 11

7  *San Francisco Baykeeper v. W. Bay Sanitary Dist.* (N.D. Cal. Dec. 1, 2011, No. C-09-5676 EMC)
8  2011 U.S.Dist. LEXIS 138093 ..................................................................................................... 11

9  *Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726 (N.D. Cal. 2010) ..... 9

10 *Toxic Injuries Corp. v. Safety-Kleen Corp.* 57 F.Supp.2d 947 (C.D. Cal. 1999) ..................... 4, 5, 6, 9

11 *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454
12 U.S. 464 (1982)............................................................................................................................ 7, 8

13 *Vermont Agency of Nat. Res. v. U.S. ex. rel. Stevens*, 529 U.S. 765 (2000)........................................ 9

14 *Warth v. Seldin*, 422 U.S. 490 (1975) ................................................................................................. 7

15 **Federal Statutes**

16 21 U.S.C. §1332.................................................................................................................................... 7

17 28 U.S.C. § 1332.................................................................................................................................. 9

18 28 U.S.C. § 1447................................................................................................................................ 11

19 28 U.S.C. § 1447(c) ..................................................................................................................... 4, 9,10

20 **State Statues**

21 Cal. Business & Professions Code, § 17200....................................................................................... 8

22 Cal. Health & Safety Code, § 25249.10............................................................................................... 3

23 Cal. Health & Safety Code, § 25249.5............................................................................................. 1, 2

24 Cal. Health & Safety Code, § 25249.6................................................................................................ 3

25 Cal. Health & Safety Code, § 25249.7............................................................................................. 2, 6

26 Cal. Health & Safety Code, § 25249.7(d)(1) .................................................................................. 2, 3

27
28

**NOTICE OF MOTION AND MOTION**

Plaintiff Environmental Research Center, Inc. ("Plaintiff") hereby moves, pursuant to United States Code, Title 28, Section 1447(c), for remand of this case to the Superior Court of the State of California, County of Alameda, on the grounds that the U.S. District Court lacks jurisdiction of this matter. Defendant SI03, Inc. ("Defendant") cannot meet its burden to establish federal jurisdiction. First, Plaintiff lacks standing under Article III of the United States Constitution. Second, the amount in controversy does not exceed $75,000. Plaintiff further moves for attorneys' fees and costs, pursuant to section 1447(c), incurred as a result of Defendant removing this matter with no objective basis in law. Plaintiff's motion will be heard Wednesday April 10, 2019, 2 p.m., 1301 Clay Street Oakland CA 94612, before Judge Saundra B. Armstrong, in a courtroom to be determined by the Court Calendar, unless rescheduled by the Court. The parties met and conferred prior to the filing of this motion as required in Honorable Armstrong's Standing Order – Civil. *See* Barnes Decl., ¶¶3 and 4, Exhibits B and C.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF ISSUES TO BE DETERMINED**

Defendant cannot meet its burden to establish federal jurisdiction for this case. District Courts have consistently held that plaintiffs who bring actions solely in the public interest, pursuant to California's Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code ("H&S Code") § 25249.5, *et. seq.* (also known as "Proposition 65"), do not have standing under Article III of the United States Constitution, and have remanded all such cases to state courts for further proceeding. Indeed, the Northern District remanded a substantially identical ERC Proposition 65 case in December of 2018. *See Environmental Research Center, Inc. v. Hotze Health Wellness Center International, LLC, et al.* (N.D. Cal. Dec. 21, 2018, No. 3:18-cv-05538-VC) 2018 U.S. Dist. LEXIS 221676. Furthermore, the Defendant offers no basis in fact to establish that the amount in controversy threshold for diversity jurisdiction has been satisfied: Defendant's bare and unsupported speculation is insufficient.

///

Plaintiff therefore seeks an Order remanding this case to state court for further proceeding. Because Defendant's alleged ground for removal has no objective support in the law, Plaintiff further seeks recovery of the attorneys' fees and costs it incurred as a result of Defendant's unwarranted removal of this case.

## II.   FACTS AND PROCEDURAL HISTORY

On August 31, 2018, Plaintiff served its first Notice of Violation on the California Attorney General, other public enforcers, and the Defendant (collectively the "Noticed Parties"), identifying products the Defendant sold and/or distributed in California that expose consumers to lead and/or cadmium at levels exceeding the 0.5 micrograms per day Maximum Allowable Dose Levels for said chemicals, without providing the warning required by law.[1]  Plaintiff served a second Notice of Violation upon the Noticed Parties on October 3, 2018, identifying additional products alleged to be in violation of the warning required by Proposition 65. A third Notice of Violation asserting additional products in violation of the warning requirement was served on the Noticed Parties on October 19, 2018. Complaint, ¶¶1, 3, 4, 8, 23, 25 and 26. Defendant develops, manufactures, markets, distributes, and/or sells nutritional health products that have exposed users in the State of California to lead at levels requiring a warning pursuant to Proposition 65. (Id.) The failure of law enforcement officials to file a complaint within 60 days of Plaintiff's Notices of Violation, permitted Plaintiff to file a citizen suit in the public interest. H&S Code, § 25249.7, subdivisions (c) and (d). Plaintiff filed its Complaint on January 2, 2019 in the Alameda County Superior Court, Case No. RG19001031. Dkt.#1 at 6-57. Plaintiff brings this action in the public interest, without alleging injury to itself. H&S Code section 25249.7, subdivision (d). Complaint, ¶6. On February

---

[1] A Notice of Violation is a letter sent to a party alleged to have violated Proposition 65 identifying product(s) that are exposing California residents to a chemical know to the State of California to cause cancer, birth defects, or other reproductive harm, identifying the chemical, identifying the route or means of exposure, explaining that a warning is required prior to exposing individuals to chemicals known to California to have these effects, and notifying the violating party that the sender intends to file suit 60 days from the date of the letter. Proposition 65 requires that an alleged violator be sent a Notice of Violation at least 60 days prior to the initiation of an enforcement action against them (see H&S Code § 25249.7, subd. (d)(1)).

6, 2019, Defendant filed its Notice of Removal. Dkt. #1. This Motion to Remand is timely filed in response to the Notice of Removal.

### III. SUMMARY OF LAW

#### A. California Proposition 65

1. The State of California officially listed lead as a chemical known to cause developmental toxicity in the fetus and male and female reproductive toxicity on February 27, 1987, and as a chemical known to cause cancer on October 1, 1992. (State of California EPA OEHHA Safe Drinking Water and Toxic Enforcement Act of 1986 Chemicals Known to the State to Cause Cancer and Reproductive Toxicity; Complaint, ¶¶19 and 20.) Cadmium was officially listed as a chemical known to cause developmental toxicity and male reproductive toxicity by the State of California on May 1, 1997, while cadmium and cadmium compounds were listed as chemicals known to the State of California to cause cancer on October 1, 1987. (State of California EPA OEHHA Safe Drinking Water and Toxic Enforcement Act of 1986 Chemicals Known to the State to Cause Cancer and Reproductive Toxicity; Complaint, ¶21.)

Proposition 65 provides in pertinent part that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual." H&S Code §§ 25249.6; 25249.10, subd. (b). Proposition 65 allows a person in the public interest who has not suffered any injury to act as a private attorney general and enforce Proposition 65. This section states that "[a]ctions pursuant to this section may be brought by **a person in the public interest**" if the action is commenced more than 60 days from the date of the notice of violation and neither the Attorney General nor any other governmental enforcer is diligently prosecuting the violation. H&S Code § 25249.7, subd. (d) (1) and (2) (emphasis added).

#### B. Federal Jurisdiction and Removal

Plaintiff brings this Motion pursuant to federal statute, which provides:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). Here, relevant subject matter jurisdiction must include standing under Article III of the U.S. Constitution and a jurisdictional amount in controversy that exceeds $75,000 for diversity jurisdiction.

A removing defendant has the burden of proof and persuasion that a plaintiff meets Article III standing requirements for an "injury in fact" that is "concrete and particularized" and "actual or imminent," not conjectural or hypothetical. *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 US 167, 181, 198; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Further, as to the amount in controversy for diversity jurisdiction, a removing "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

## IV. STANDARD OF REVIEW

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

> A plaintiff's motion for remand effectively forces a defendant, the party who invoked the federal court's removal jurisdiction, to prove whatever is necessary to support the petition, e.g., the existence of diversity, the amount in controversy, or the federal nature of the claim. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). In ruling on a remand motion, this Court ordinarily determines removability from the complaint as it existed at the time of the removal, together with the removal notice. Federal courts are instructed to "strictly construe the removal statute against removal jurisdiction." *Id.* at 566.

*Toxic Injuries Corp. v. Safety-Kleen Corp.* 57 F.Supp.2d 947, 951 (C.D. Cal. 1999).

## V. ARGUMENT

As discussed, below, this Court does not have jurisdiction over this matter, which should be remanded to state court, because (1) Plaintiff does not meet Article III standing requirements and (2) Defendant cannot meet its burden to demonstrate the amount in controversy exceeds $75,000. Because each of these arguments succeeds under well-settled law, Plaintiff further seeks fee recovery as provided for by 28 U.S.C. section 1447(c).

///

///

### A. Defendant Cannot Satisfy Its Burden to Show Plaintiff has Federal Standing.

It is axiomatic that a federal court lacks jurisdiction any time plaintiff lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (standing is an "essential and unchanging part of the case-or-controversy requirement of Article III"). In a removal case, the burden of proving that plaintiff has standing rests with the removing defendant. *See Lujan*, 504 U.S. at 561; *Toxic Injuries Corp. v. Safety-Kleen Corp.* 57 F.Supp.2d 947, 951 (C.D. Cal. 1999) *citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Article III standing requires an "injury in fact" that is "concrete and particularized" and "actual or imminent," not conjectural or hypothetical. *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.*, 528 US 167, 181. For example, in *Lujan*, federal jurisdiction was lacking where plaintiff could not demonstrate that it both used, and had concrete plans to use in the future, certain wildlife habitat affected by federal regulation. *Id*. at 562-567.

Courts also apply "prudential considerations" to standing, requiring that the claim alleged must be for injury to plaintiff's *own* legal rights. *Elk Grove Unified School Dist. v. Newdow*, 541 U.S. 1, 12 (2004). A plaintiff must assert an injury "peculiar to himself or a distinct group of which he is part" and not merely one "shared in substantially equal measure by all or a large class of citizens." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 100 (1979). Accordingly, "public interest standing" alone satisfies neither Article III nor prudential requirements.

Thus, at least five California federal courts (including the Northern District) have remanded public interest Proposition 65 cases for lack of standing. *See Environmental Research Center, Inc. v. Hotze Health Wellness Center International, LLC, et al.* (N.D. Cal. Dec. 21, 2018, No. 3:18-cv-05538-VC) 2018 U.S. Dist. LEXIS 221676 ("[t]he defendants have not shown that Environmental Research Center would have Article III standing to pursue their Proposition 65 action in federal court" and "[b]ecause the removal statute is strictly construed against jurisdiction and any doubt as to the right of removal is resolved in favor of remand, the motion to remand is granted"). *See Toxic*

5

*Injuries Corporation v. Safety-Kleen Corporation*, 57 F.Supp.2d 947, 953 (C.D. Cal. 1999) ("not only is the Complaint devoid of injuries in fact to individuals, but it is also devoid of injuries in fact to Plaintiff"); *As You Sow v. The Sherwin-William Company*, No. C93-3577 VRW, 1993 U.S. Dist. LEXIS 18310 (N.D. Cal. 1993) (remand granted where Proposition 65 plaintiff did not allege a "distinct and palpable injury to itself"); *Environmental World Watch, Inc. v. American Airlines*, No. 05–cv–1799–TEH, 2005 WL 1867728 (N.D. Cal. 2005) (Proposition 65 case remanded where plaintiff alleged no "injury in fact," and court had "no authority to hear the claim because it does not fall within the scope of authority granted to it by Article III of the Constitution"); *Environmental Research Center v. Heartland Products,* 29 F.Supp.3d 1281(C.D. Cal.2014) (same). This case is no different.

### 1.     Plaintiff Does Not Allege Article III Injury in Fact.

Plaintiff brings this case based on public interest standing, as permitted by California law. Complaint ¶ 6, citing H&S Code, § 25249.7, subd. (d) ("[a]ctions pursuant to this section may brought by a person in the public interest"). Plaintiff <u>nowhere</u> alleges that <u>*Plaintiff*</u> suffered any concrete, particularized, actual harm from Defendant's products. (*See* Complaint ¶ 3 ("Defendants exposed consumers to [lead and cadmium] and have failed to provide the health hazard warnings required by Proposition 65."), ¶ 23 (Defendants "knowingly and intentionally exposed the consumers of the [products at issue] to [lead and cadmium] without first giving a clear and reasonable warning to such individuals."), ¶¶ 32, 35 (same), ¶ 38 ("Continuing commission by Defendants of the acts alleged above will irreparably harm the citizens of the State of California . . . ."), Prayer (same). These allegations are plainly in the public interest, and do not show that Plaintiff has suffered injury in fact. *Compare*, *Toxic Injuries*, *supra*, 57 F.Supp.2d at 953 (reviewing substantially identical allegations, holding "the Complaint is devoid of any allegations discussing injury to Plaintiff, and, as set forth above, Plaintiff claims to have suffered no injuries. Plaintiff merely asserts the legal rights and interests of third parties"); *see also*, *Katz v. Pershing, LLC* 672 F.3d 64, 79 (1st Cir. 2012), *citing*, *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (to establish standing, plaintiffs "must allege and show that they personally have been injured, not that injury

has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") Further, like the plaintiffs in *Lujan*, Plaintiff here never alleges to have used, or to have concrete plans for future use of, Defendant's products. *See Lujan*, at 562-567. Having suffered no injury from Defendant, Plaintiff seeks no damages from Defendant; and the fact that recovery of penalties and/or attorneys' fees is available under Proposition 65 also does not give rise to any injury in fact. *See As You Sow*, *supra,* No. C93-3577 VRW, 1993 WL 560086 (N.D. Cal. 1993) ("[Plaintiff's] ability to recover a bounty by acting as a private attorney general cannot be transmogrified into an "injury" in the normal and constitutional senses of the word.")

Defendant's Notice of Removal makes no attempt to assert that Plaintiff suffered an "injury in fact." Rather, Defendant claims only that jurisdiction exists by way of diversity of citizenship pursuant to 21 U.S.C. §1332. (Dkt. #1, ¶ 8) Accordingly, the case must be remanded back to state court on the basis that the Plaintiff lacks Article III standing to pursue this matter in federal court.

### 2.   Plaintiff's Claims Do Not Satisfy Prudential Standing Requirements.

In addition to the constitutional requirements, the federal judiciary has adhered to a set of prudential principles for standing, which include that "the plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-475 (1982). Furthermore, even where a plaintiff has alleged an adequate injury under Article III, the courts refrain from adjudicating "abstract questions of wide public significance" amounting only to "general grievances." *Id*. Therefore, even when there is an actual injury caused by a party's conduct, standing requires only those persons "personally affected" may challenge the conduct. *Allen v. Wright*, 468 U.S. 737, 755 (1984) (only people personally denied equal treatment have standing to challenge discriminatory conduct despite "stigmatizing injury" to society). As set forth above, the Defendant cannot show that Plaintiff has been "personally affected," and/or has suffered any injury of its own. Rather, Plaintiff brings this case purely in the public interest to protect "the legal rights or interests of third parties." *See Valley Forge*, *supra*, 454

1  U.S. at 474-475. Defendant is therefore unable to meet its burden to show that prudential standing
2  requirements are satisfied.
3        Plaintiff anticipates that Defendant will incorrectly assert that this Motion should be denied
4  on the basis that remand was denied in the case of *Luna v. Johnson & Johnson*, 2018 U.S. Dist.
5  LEXIS 144641 (C.D. Cal. Aug. 23, 2018) ("*Luna*"). In the *Luna* case, the defendant similarly
6  removed the plaintiffs' Proposition 65 case solely on the basis for diversity jurisdiction. *Luna*, 2018
7  U.S. Dist. LEXIS 144641 at *6. The plaintiffs moved for remand on the basis that their public
8  interest standing under Proposition 65 was insufficient to satisfy Article III. *Id* at *3. However, the
9  Court found that the plaintiffs had alleged personal injuries-in-fact in addition to the Proposition 65
10 claims as they included claims for violations of Cal. Business & Professions Code § 17200, et seq.,
11 and Cal. Business & Professions Code § 17500, et seq. in their Complaint. *Id* at *2. Accordingly,
12 the court denied remand on the basis that:

> Plaintiffs *have* actually pled that they *did* suffer an injury-in-fact (at least with respect
> to certain of their claims). *See* Complaint ¶¶ 105, 118. This seemingly quickly puts to
> an end Plaintiffs' theory that this Court lacks subject matter jurisdiction because of the
> absence of an injury-in-fact (or at least an allegation to that effect) in this case, and it is
> an allegation that serves to distinguish this case from those district court decisions
> upon which Plaintiffs rely.

17 *Id.* at *3-4 (emphasis in original). The plaintiffs' Complaint in *Luna* alleged that "Plaintiffs
18 purchased JBP and S+S containing Asbestos and Talc Containing Asbestos Fibers and have
19 suffered injury in fact." Declaration of Esmeralda Bustos ISO RJN, Ex. A. There are no such
20 allegations in Plaintiff's Complaint in the present case. Thus, the *Luna* case provides no support,
21 whatsoever, for this potential argument.
22       In *Environmental Research Center, Inc. v. Hotze Health Wellness Center International,*
23 *LLC, et al.*, where ERC similarly pled no injury in fact and Defendants removed the case to federal
24 court, the United States District Court for the Northern District of California granted ERC's remand
25 motion, holding that Defendants failed to meet their burden of showing ERC had Article III
26 standing:

> The defendants have not shown that Environmental Research Center would have
> Article III standing to pursue their Proposition 65 action in federal court. *Cf.*
> *Environmental Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1282 (C.D.

8
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MOTION FOR ATTORNEYS' FEES AND COSTS

Cal. 2014). The defendants argue that Environmental Research Center has standing as a qui tam assignee of the State of California's claims under *Vermont Agency of Nat. Res. v. U.S. ex. rel. Stevens*, 529 U.S. 765, 773 (2000). Even assuming that *Stevens* applies, that theory raises significant concerns that California is the real party in interest to this case, such that there is no diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973); *New Mexico ex rel. Nat'l Educ. Ass'n of New Mexico, Inc. v. Austin Cap. Management Ltd.*, 671 F. Supp. 2d 1248, 1251 (D.N.M. 2009). Because the removal statute is strictly construed against jurisdiction and any doubt as to the right of removal is resolved in favor of remand, the motion to remand is granted. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

*Environmental Research Center, Inc. v. Hotze Health Wellness Center International, LLC, et al.* (N.D. Cal. Dec. 21, 2018, No. 3:18-cv-05538-VC) 2018 U.S. Dist. LEXIS 221676, at *1-2.

### 3. Because Plaintiff Lacks Standing, This Case Should be Remanded.

In sum, Plaintiff never alleges that it or any of its members have used, will use, or have been harmed by, Defendant's products. Plaintiff seeks relief in the public interest only, as allowed by California law, but prohibited federally. Where "[p]laintiff lacks standing, this Court has no subject matter jurisdiction and must remand the case to state court under 28 U.S.C.§ 1447(c)." *Toxic Injuries*, *supra*, 57 F.Supp.2d at 957.

### B. Defendant Fails to Demonstrate that the Amount in Controversy Exceeds $75,000.

To exercise diversity jurisdiction, a federal court must determine that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A removing "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726 at *4 (N.D. Cal. 2010) (burden is preponderance of evidence). A removing defendant's "[c]onclusory allegations as to the amount in controversy are insufficient." *Smith*, 2010 U.S. Dist. LEXIS 54110 at *5, citing *Gaus* at 567. Here, Defendant contends that the amount in controversy exceeds $75,000, based on nothing more than speculation and conclusory allegations as to the fees and penalties potentially at issue. As such, Defendant fails to meet its burden of proving, by a preponderance of evidence, the jurisdictional amount in controversy.

Plaintiff does not claim any specific damage or penalty amount in its Complaint. Dkt. #1 at p. 15 (Exhibit #1, Prayer For Relief). Defendant, in turn, fails to articulate any factual basis for its

conclusion that the amount in controversy requirement is met. Defendant notes only that Plaintiff alleges that the Defendant is liable for a "civil penalty of up to $2,500 per day per violation" and that Plaintiff sued for an amount in excess of $1 million. Notice of Removal at ¶ 10. Defendant provides no factual information, other than conclusory allegations in the Complaint, as to how this penalty could exceed $75,000. It remains Defendant's burden to prove, by a preponderance of the evidence, that these daily penalties amount to greater than $75,000. Defendant has not done so. An amount in controversy is not a "magical incantation" or a "bald recitation[.]" *Gaus* at 567 (cites, quotes omitted). As Defendant is unable to demonstrate by a preponderance of evidence that the amount in controversy will exceed $75,000, this matter should be remanded to state court.

### C.    Plaintiff Should be Reimbursed Its Reasonable Attorneys' Fees and Costs.

As set forth, above, Defendant lacked any objectively justifiable basis for removal: Plaintiff clearly pled its Compliant in the public interest with no injury in fact and Defendant has no facts on which to base the jurisdictional amount in controversy. Further, the Northern District of California just rejected a virtually identical Notice of Removal mere months ago. Before the filing of this motion, Plaintiff's counsel made several attempts to reach counsel for the Defendant to discuss and demonstrate to counsel that removal of this case was without merit, providing counsel with case law showing that Plaintiff lacked Article III standing, including the Order from December 2018. Barnes Decl., ¶3, Exhibit B.

The Federal removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also*, *Moore v. Permanente Medical Group, Inc.,* 981 F2d 443, 445-48 (9th Cir. 1992). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Thus, the fee shifting statute helps serve as a deterrent to unwarranted removal actions. *Id*. If the removing party cannot demonstrate an "objectively reasonable basis" for removal, the court should award the remanding party its attorneys' fees and costs, so long as the fees are just. *Id*. at 141.

Here, this is no objectively reasonable basis to support federal jurisdiction without Article III standing. *See As You Sow*, *supra*, 1993 U.S. Dist. LEXIS 18310 at 9-10 (fees awarded following removal of Proposition 65 case, brought in the public interest, that lacked injury in fact). And there are no objective facts to support an amount in controversy over $75,000.

Courts have awarded interim fees under a number of fee-shifting statutes in order "to maintain an equal position among the parties and to ensure that plaintiffs can continue actively pursuing the litigation. Otherwise, defendants could attempt to prevail through a war of attrition." *Golden Gate Audubon Soc'y, Inc. v. U.S. Army Corps of Eng'rs,* 732 F. Supp. 1014, 1021 (N.D. Cal. 1989) (citing *Rosenfeld v. United States,* 859 F.2d 717, 721 (9th Cir. 1989); *see also, San Francisco Baykeeper v. W. Bay Sanitary Dist.* (N.D. Cal. Dec. 1, 2011, No. C-09-5676 EMC) 2011 U.S.Dist. LEXIS 138093, at *5.

The removal statute provides for recovery of "actual expenses" which differs from statutes providing for recovery of "reasonable" attorneys' fees incurred. *See WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, 2013 U.S. Dist. LEXIS 34352, *8 (D. Nev. 2012). In addition, the statute provides for recovery of any expenses, including attorney fees, "incurred as a result of the removal," which encompasses the entirety of the pending federal proceeding, and not just the instant motion. 28 U.S.C. § 1447.

In the interest of judicial economy, Plaintiff will request the relief provided in *As You Sow*, wherein the Court Ordered that plaintiff, "within 20 days, serve and file a specification of the costs and attorney fees incurred," followed by defendants' opposition 20 days after, "at which time the matter will be submitted without further hearing." It is well settled that counsel are entitled to the hourly rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008). The relevant community in this case is the San Francisco Bay area, i.e., where this District Court sits. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

There is no doubt that Plaintiff has incurred attorneys' fees related to this ill-fated removal from the moment the Notice of Removal was received by Plaintiff's counsel on February 7, 2019,

1 including client consultation, case-law research, communications with opposing counsel, and
2 briefing on the merits. "Absent special circumstances rendering the award unjust, an attorney fee
3 award should ordinarily include compensation for all the hours reasonably spent, including those
4 relating solely to the fee." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133.) Given this strong
5 presumption, the lodestar should only be adjusted in "rare and exceptional cases." *Fischer v. SJB-*
6 *P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). This is not a rare case presenting such
7 exceptional circumstances. See, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir.
8 2008) ("If opposing counsel cannot come up with specific reasons for reducing the fee request that
9 the district court finds persuasive, it should normally grant the award in full, or with no more than a
10 haircut."); see also *Hajro v. U.S. Citizenship & Immigration Servs.*, 900 F. Supp. 2d at 1050: ("In
11 light of the fact that 'awarding attorneys' fees to prevailing parties ... is a tedious business,' the
12 court 'should normally grant the award in full' if the party opposing the fee request 'cannot come
13 up with specific reasons for reducing the fee request.'")

**VI.     CONCLUSION**

Plaintiff respectfully requests that the Court remand this matter to the Superior Court of California, County of Alameda and award Plaintiff its fees and costs incurred in this federal proceeding.

Dated: February 28, 2019          AQUA TERRA AERIS LAW GROUP

By:
/s/Jason R. Flanders
Jason R. Flanders
*Attorneys for Plaintiff*
ENVIRONMENTAL RESEARCH CENTER, INC.