1  Garth N. Ward (SBN 202965)
   Garth.ward@lewsbrisbois.com
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
3  701 B Street, Suite 1900
   San Diego, California 92101
4  Telephone: 619.233.1006
   Facsimile: 619.233.8627
5
6  Kevin J. O'Shea (*pro hac vice*)
   koshea@oshealawllc.com
7  OSHEA LAW LLC
   1744 Ridge Road
8  Jackson, MO 63755
   Telephone: 573.388.2296
9
10 Attorneys for Defendant SI03, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., a non-profit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SI03, INC., individually and doing business as SYNTRAX, a Delaware corporation; and DOES 1 through 25,<br><br>Defendants. | CASE NO. 4:19-cv-00640-SBA<br><br>**SI03, INC.'S OPPOSITION TO MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**Hearing Date: April 10, 2019**<br>**Time: 2:00 p.m.**<br>**Judge: Hon. Saundra Brown Armstrong** |

## I. INTRODUCTION

The Court should deny both of Plaintiff's motions as meritless. Cal. Health & Safety Code §§ 25249.5, *et seq.* ("Proposition 65") does not require a Plaintiff to have purchased, consumed, used, or otherwise have been directly exposed to an accused product. Rather, a party violates Proposition 65 when it fails to provide to the public a warning label in specified circumstances. Thus, any member of the public, including a private party enforcer such as Plaintiff, is injured when a product does not include the required warning. This "informational injury" is the specific injury that Plaintiff alleges Defendant has imparted upon Plaintiff and other members of the public. This and other allegations in Plaintiff's Complaint confirm that Plaintiff has standing to bring this case in federal court. Moreover, Plaintiff does not contest the parties' diverse citizenship, and Plaintiff alleges in its Complaint that the amount in controversy exceeds $1 million, rendering frivolous its argument that the amount in controversy threshold is not met. Thus, this case meets all of the requirements of diversity jurisdiction and the Court should deny Plaintiff's motion to remand.

This case turns on the issue of whether Defendant has 10 "employees" as that term is used in Proposition 65 because a company with less than 10 employees is exempt from the requirements of Proposition 65. *See* Cal. Health & Safety Code § 25249.11(b). Defendant gave Plaintiff on November 1, 2018 copies of Defendant's IRS Form 941 for every calendar quarter from January 1, 2016 through September 30, 2018. These forms are part of Defendant's required IRS quarterly filings and show, *inter alia*, the "[n]umber of employees who received [from Defendant] wages, tips, or other compensation for the [relevant quarter]." Defendant reported in each of these filings that it had less than 10 employees, including full-time and part-time employees, for every period – a fact that has not changed in the ensuing four months. Therefore, Defendant is exempt from the requirements of Proposition 65. Plaintiff ignored these incontrovertible facts and filed this case seeking, *inter alia*, its own attorney fees.

Plaintiff argues that remand is a *fait accompli*, relying on district court decisions while ignoring that the most recent case addressing the same issues presented here – a case from this District in which Plaintiff is a party – is on appeal to the U.S. Court of Appeals for the Ninth

1

Circuit. That case presents the Ninth Circuit its first opportunity to decide whether remand is necessary in the context of a "Proposition 65" matter that relies on the same allegations that are presented here. The Ninth Circuit has never, in an appeal involving a Proposition 65 claim, held that a federal court lacked standing to resolve a matter involving Proposition 65, despite the requirement that federal courts at every level must confirm subject matter jurisdiction. There is no reason to believe that the Ninth Circuit will now, contrary to its prior rulings addressing Proposition 65, decide that federal courts lack subject matter jurisdiction to address Proposition 65. Therefore, because this case meets all of the requirements for diversity jurisdiction, the Court should deny Plaintiff's motion to remand.

Finally, Plaintiff's motion for attorneys' fees should be denied for two reasons. First, it violates the Court's Local Rules requiring that such a motion be separately filed. Further, such a discretionary issue should be denied because an objectively reasonable basis exists for Defendants' removal of this action to this Court. This is particularly true where, as here, controlling authority does not yet exist.[1]

## II. ARGUMENT

### A. Plaintiff Alleges Injuries In Fact Sufficient To Support Its Article III Standing In This Court

Plaintiff's Complaint alleges that Defendant has failed to properly include warnings regarding several substances allegedly found in Defendant's products, and that these supposed failures have resulted in violations of Plaintiff's rights. Moreover, Plaintiff does not contest that the parties are diverse in citizenship. This is sufficient for Article III standing, and the Court should deny Plaintiff's motion to remand.

Federal courts apply a three-part test to determine standing: (i) a cognizable injury to the plaintiff, (ii) that was caused by the defendant's allegedly improper actions, and (iii) which can be redressed by a court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). Standing

---

[1] Plaintiff filed a Request for Judicial Notice regarding certain exhibits submitted with Plaintiff's motion. (Dkt. No. 15.) Defendant does not object to that Request.

is bounded by prudential limits, including the zone-of-interest test, restrictions on raising third-party rights, and a rule against adjudicating generalized grievances. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). Courts analyze standing from the plaintiff's merits perspective – in this case that Defendant's products allegedly violate Proposition 65. *See Tyler v. Cuomo*, 236 F3d 1124, 1133 (9th Cir. 2000).

> 1. **Plaintiff Alleges An Informational Injury To Plaintiff That Is Sufficient To Support This Court's Subject Matter Jurisdiction**

Plaintiff alleges that Defendant failed to provide Plaintiff and the rest of the public purportedly necessary information that would have allowed a more informed decision regarding Defendant's products. (Complaint at ¶ 4 ("Defendants' continued manufacturing, packaging distributing, marketing and/or sales of the Subject Products **without the required health hazard warnings**, causes, or threatens to cause, individuals to be involuntarily and unwittingly exposed to levels of the Listed Chemicals that violate Proposition 65.") (emphasis added)); *see also* Cal. Health & Safety Code §§ 25249.6 ("No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity **without first giving clear and reasonable warning** to such individual, except as provided in Section 25249.10." (emphasis added)). Plaintiff's allegation constitutes an informational injury sufficient to provide "informational standing" in this Court. *See Federal Election Comm'n v Akins*, 524 U.S. 11, 19-20 (1998) (holding that refusal to provide statutorily required information constitutes sufficient injury to support Article III standing); *Public Citizen v. Department of Justice*, 491 U.S. 440, 449 (1989) (holding that refusal to provide statutorily required information "constitutes a sufficiently distinct injury to provide standing to sue"); *National Educ. Assn v. DeVos*, 345 F.Supp.3d 1127, 1141 (N.D. Cal. 2018) (noting that the Supreme Court held in *Atkins* that "the loss of the information to make a more informed decision constituted a concrete and particular injury in fact."). Thus, Plaintiff has alleged a sufficient injury in fact, in the form of an informational injury, to support standing in this Court.

According to Plaintiff's Complaint, it is not relevant that Plaintiff may not have consumed, and may have no intention of consuming, any of Defendant's products. Plaintiff alleges that

3

SI03, INC.'S OPPOSITION TO MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant's "continued manufacturing, packaging, distributing, marketing and/or sales of the Subject Products *without the required health warnings*, causes, or threatens to cause individuals to be involuntarily, unknowingly and unwittingly exposed to levels of the Listed Chemicals that violate Proposition 65." (Complaint at ¶ 4 (emphasis added).) Thus, Plaintiff alleges that it and the rest of the public are exposed to certain substances *not* because Plaintiff or anyone else purchases, consumes and/or uses Defendant's products in any manner. Rather, according to Plaintiff, Defendant violates Proposition 65 by failing to provide information in the form of the supposedly required health warnings. This is consistent with Proposition 65, which does not require a *qui tam* Plaintiff, or anyone else, to have purchased, consumed and/or used the product at issue. Rather, Proposition 65 requires that a "person doing business," which excludes anyone employing "fewer than 10 employees," provide information to the public in specified circumstances. *See* Cal. Health & Safety Code §§ 25249.6; 25249.11(b). Thus, Plaintiff alleges a failure by Defendant to provide supposedly necessary information, which constitutes an informational injury sufficient to provide informational standing. The Court should deny Plaintiff's motion to remand on this basis alone.

### 2. Plaintiff Has Standing As An Assignee Of The Injury In Fact Allegedly Suffered By The Public

Proposition 65 entices private parties to bring *qui tam* actions such as this one by granting the private parties a piece of the pie, namely 25% of civil penalties assessed against a violator. *See* Cal. Health & Safety Code §§ 25249.12(d). Thus, the State of California assigns to private parties such as Plaintiff, whose sole business appears to be bringing Proposition 65 *qui tam* actions, its claim for the alleged injury in fact suffered by the public arising from a violation of Proposition 65. *See Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("A *qui tam* relator has suffered no such invasion – indeed, the 'right' he seeks to vindicate does not even fully materialize until the litigation is completed and the relator prevails…. We believe, however, that adequate basis for the relator's suit for his bounty is to be found in the doctrine that ***the assignee of a claim has standing to assert the injury in fact assigned by the assignor***." (emphasis added)); *see also Bates ex rel. Bates v. Mortgage Elec. Reg. Sys.*, 694 F.3d 1076, 1080-82 (9th Cir.

2012) (affirming denial of a motion to remand a *qui tam* California False Claims Act case that was removed based on diversity jurisdiction and affirming dismissal on the merits of the case). Therefore, Plaintiff has assignee standing in this diversity matter sufficient to support this Court's subject matter jurisdiction.

The language of Proposition 65 allowing parties such as Plaintiff to bring a *qui tam* action confirms that Plaintiff's role as an assignee does not mean that California is a real party in interest, which would undermine diversity jurisdiction. Proposition 65 allows parties to sue only "in the public interest." *See* Cal. Health & Safety Code §§ 25249.7(d) ("Actions pursuant to this section may be brought by a person in the public interest…."); Complaint at ¶ 6 ("ERC … brings this enforcement action in the public interest pursuant to H & S Code § 25249.7(d)."). "[T]his language fails to render [California] a real party in the controversy for the purposes of diversity jurisdiction because these articulated interests are the very 'general governmental interest[s]' that the Supreme Court has stated cannot satisfy the diversity requirement." *Department of Fair Employment and Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 738-39 (9th Cir. 2011) (*citing Missouri, Kan. and Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 60 (1901)). Thus, there is no basis for Plaintiff to argue that California's position as the assignor destroys diversity jurisdiction.

### B. Plaintiff's Claims Meet The Prudential Standing Requirement

"[P]rudential standing is satisfied when the injury asserted by a plaintiff "'arguably [falls] within the zone of interests to be protected or regulated by the statute … in question.'" *Akins*, 524 U.S. at 20 (*quoting National Credit Union Admin. v. First Nat. Bank & Trust Co.*, 522 U.S. 479, 488 (1998) (addition and ellipsis in original)).[2] In *Akins*, the plaintiff sought redress for the defendant's failure to provide information required by statute. *Id.* The Court found nothing in the language of the relevant statute suggesting that its benefits were restricted to specific parties. *Id.* To the contrary, the broad language of the statute and the nature of the alleged injury – failure to

---

[2] "Prudential standing" has recently been referred to as the 'zone of interests' test. *DeVos*, 345 F.Supp.3d at 1138 n.21 (*citing Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1166 n.5).

receive statutorily required information – showed that the plaintiff satisfied the "prudential standing" requirement. *Id.*

Like the plaintiff in *Akins*, plaintiff here alleges an injury based in Defendant's failure to provide information purportedly required by statute. (*See supra*, Section II.A.; Compl. at ¶ 4.) Therefore, Plaintiff's claims satisfy the prudential standing requirement in the same manner as the plaintiff's claims in *Akins*. Accordingly, the Court should reject Plaintiff's arguments and deny Plaintiff's motion to remand.

### C. Plaintiff Alleges An Amount In Controversy Well Beyond The Jurisdictional Threshold of $75,000

Notices of removal require only a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, – U.S. – , 135 S.Ct. 547, 553 (2014) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a) [for Section 1446(a)], intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" (internal citations omitted)).

When a plaintiff seeks remand and contests whether the amount in controversy threshold has been met, the Court looks to 28 U.S.C. § 1446(c)(2)(B), which instructs that "removal … is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Dart Cherokee*, 135 S.Ct. at 553-54 (noting that Section 1446(c)(2)(B) "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). Plaintiff's allegations confirm that the jurisdictional threshold is met.

Plaintiff asks the Court to impose penalties upon Defendant "in an amount in excess of $1 million." (Complaint at ¶ 33.) Moreover, considering that Plaintiff alleges 25 products have been in violation of Proposition 65 every single day from August 31, 2015 through the commencement of this action – roughly 2,000 days – at an alleged penalty of $2,500 per product per day, the

6
SI03, INC.'S OPPOSITION TO MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS

LEWIS
BRISBOIS

allegations in Plaintiff's Complaint far exceed the amount in controversy threshold. (Complaint at ¶ 1, Prayer for Relief ¶ B). Accordingly, the Court should deny Plaintiff's motion to remand.

### D. The Court Should Not Remand This Case Merely Because It Is Uncertain About The Standing Issue

While uncertainty tends to favor remand, the co-pending appeal in which the Ninth Circuit is set to address the exact issues raised in this motion presents a unique situation. The co-pending case is an appeal from a decision in this Court granting the same Plaintiff's motion to remand over a defendant's arguments that Plaintiff sufficiently pled injury in fact pursuant to, *inter alia*, informational standing and as an assignee. *See Environmental Research Center, Inc. v. Hotze Health & Wellness Center Int'l One, L.L.C.*, Case No. 18-cv-05538-VC (N.D. Cal.).[3] Defendant respectfully posits that Plaintiff's motion to remand in that other case should have been denied, as Plaintiff's substantively identical motion in this case should be denied, particularly because there is not yet controlling authority. *Hotze* is now on appeal and presents the Ninth Circuit an opportunity to address, for the first time, the exact issues presented here. Notably, the Ninth Circuit has never dismissed an appeal in which Proposition 65 is at issue, despite the fact that every federal court, at every level, must confirm the presence of subject matter jurisdiction. *See California v. Kinder Morgan Energy Partners, LP*, 613 Fed. Appx. 561, No. 13-55297 (9th Cir. May 21, 2015) (affirming district court's grant of summary judgment against city on Proposition 65 issue); *Industrial Truck Assn. Inc. v. Henry*, 125 F.3d 1305 (9th Cir. 1997) (holding that portions of Proposition 65 are preempted by the Federal Occupational Safety and Health Act and the Occupational Safety and Health Administration's Hazard Communication Standard). There is no reason to believe that the Ninth Circuit will do so now, and this Court should not remand merely because the issue presents some ambiguity. This is particularly true in a situation such as

---

[3] Plaintiff relies on the court's grant of Plaintiff's motion to remand in the *Hotze* case, (Mtn. at 8-9), but fails to inform the Court that the decision is on appeal. (*See* Ninth Circuit Appeal No. 18-17463.)

this one where there is no controlling authority and the Ninth Circuit is poised to address the issues.

If this Court correctly holds that it has standing to hear this case, and the Ninth Circuit later determines that standing is not present in this context, the case can be remanded at that time, and the parties' pleadings and discovery transferred to the state court action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). On the other hand, if the Court remands at this stage, and the Ninth Circuit finds that Article III standing *is* present in this context, as Defendant anticipates it will do, Defendant may not be able to remove this case at that time. *See* 28 U.S.C. § 1446(c)(1) (foreclosing removal more than one year after commencement of the action unless the plaintiff is shown to have acted in bad faith to prevent removal). Therefore, the Court should not remand this case simply because uncertainty tends to favor remand; instead, the Court should deny Plaintiff's motion on its merits.

### E. There Is No Basis For An Award Of Plaintiffs' Attorneys' Fees Or Costs

The award of attorneys' fees in connection with a remand is a discretionary matter. *See* 28 U.S.C. § 1447(c) ("An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court should deny Plaintiff's motion for attorneys' fees for two reasons.

*First*, Plaintiff's motion violates the Local Rules of Practice in Civil Proceedings for the Northern District of California, and this Court's Standing Orders. Local Rule 7-8 states that "[a]ny motion for sanctions, regardless of the source of authority invoked, must comply with the following: (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; [and] (b) The form of the motion must comply with Civil L.R. 7-2…." Civil L.R. 7-8. Plaintiff's motion violates both of these requirements and, therefore, also violates this Court's Standing Order – Civil No. 1 ("Conformity to Rules"). Courts in this District consistently deny motions seeking sanctions, including attorneys' fees, for violation of Civil L.R. 7-8(a) & (b). *See, e.g., Cooks v. Wells Fargo Bank, N.A.*, Case No. 17-cv-02539-MMC, 2017 WL 3129203, *4 (July 24, 2017 N.D. Cal.); *Ambrosia v. Cogent Commc'n, Inc.*, 312 F.R.D. 544, 559

n.20 (N.D. Cal. 2016); *Estrada v. Sayre*, Case No. 12-0592 LHK (PR), 2014 WL 3728161, *6 (July 28, 2014 N.D. Cal.); *Abels v. JBC Legal Group, P.C.*, Case No. 04-cv-2345 JW (RS), 2005 WL 3839308, *3 (Oct. 21, 2005 N.D. Cal.).

It also is worth noting, though Plaintiff ignores it, that Judge Chhabria denied Plaintiff's identical motion for attorneys' fees in the recent decision that Plaintiff relies so heavily upon, the December 21, 2018 order in *Environmental Research Center, Inc. v. Hotze Health & Wellness Center Int'l One, L.L.C.* (*See* Dkt. No. 14-2, Exh. 2 to the Declaration of Anthony Barnes in Support of Plaintiff's Motion). Indeed, considering the extent to which Plaintiff's motion here mirrors its motion in *Hotze*, where Plaintiff's motion for attorneys' fees was denied, it appears that Plaintiff is improperly trying to take a second bite at the apple by asking this Court to order Defendant to pay Plaintiff's attorneys' fees actually incurred in the other case to prepare the identical motion.

***Second***, even if Plaintiff were able to overcome its violation of the Civil Local Rules and this Court's Standing Orders, the Court should deny Plaintiff's motion because the Supreme Court has directed that "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) ***only*** where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). Accordingly, "when an objectively reasonable basis exists, fees should be denied." *Id.*

As set forth above, Defendant has an objectively reasonable basis for seeking removal, including that Plaintiff's allegations in its Complaint (i) set forth an injury in fact sufficient to support Plaintiff's standing in this Court, and (ii) claim an amount in controversy that far exceeds the jurisdictional threshold. Further, Plaintiff does not contest the parties' diverse citizenship. Therefore, all elements necessary for subject matter jurisdiction pursuant to diversity of citizenship have been met. Moreover, Plaintiff's core argument – that a Proposition 65 matter cannot be addressed in federal court without a claim seeking remedies under another statute – is not supported by any binding authority. To the contrary, as explained above the Ninth Circuit has never dismissed a Proposition 65 case on subject matter jurisdiction grounds. And before Plaintiff filed the instant motion, the defendant in *Hotze* filed its appeal asking the Ninth Circuit to consider

SI03, INC.'S OPPOSITION TO MOTION TO REMAND AND MOTION FOR ATTORNEYS' FEES AND COSTS

for the first time the issues raised both in that case and this one.  Without controlling authority, it cannot be said that Defendant's bases for removal are "objectively [un]reasonable."

The Court should deny Plaintiff's motion for attorneys' fees both because the motion violates the Civil L.R. and this Court's Standing Orders, and because Defendant's positions in support of removal are objectively reasonable.

### III. CONCLUSION

The Court should deny both Plaintiff's motion to remand, and Plaintiff's motion for attorneys' fees and costs, and allow this case to proceed in this Court.

DATED: March 14, 2019          By: /s/ *Kevin J. O'Shea*

                                             Kevin J. O'Shea
                                             Attorneys for Defendant SI03, Inc.